[ Argued January 17, 1893; decided January 30, 1893.]

## HOMER HILL v. STATE OF OREGON.

[S. C. 32 Pac. Rep. 160.]

1. WRIT OF REVIEW—CRIMINAL ACTION—CODE, § 585—ACT 1889—CODE, § 2161.—The act of 1889 (Laws 1889, 134) amends section 585 of the Code so that whenever the inferior court has exceeded its jurisdiction, the writ will lie regardless of the nature of the case, and the right to the writ is not limited to cases where an appeal can be taken.

2. WRIT OF REVIEW—CRIMINAL ACTION—CODE, § 2161.—Where defendant in a criminal action is fined less than twenty dollars by a justice of the peace on an information which charges no offense, defendant is entitled to a writ of review. In such a case there cannot be an appeal under section 2161, Hill's Code, but the writ of review will lie since the amendment of 1889 to section 585, because there is an erroneous exercise of jurisdiction by the inferior court.

Polk County: REUBEN P. BOISE, Judge.

Homer Hill was tried and convicted in a justice's court on a complaint for trespass, and sued out of the circuit court a writ of review. From a judgment of the circuit court dismissing the writ for want of jurisdiction, defendant appeals. Reversed.

*A. M. Hurley*, for Appellant.

*Geo. E. Chamberlain*, attorney-general, for Respondent.

LORD, C. J.—1. The defendant was tried and fined in a justice's court upon a complaint for trespass conceded to be fatally defective. A writ of review was sued out of the circuit court, which, upon motion, was dismissed for want of jurisdiction. The error alleged in this ruling is the ground of the appeal. The ruling was based on the assumption that there is no right to the writ to review the judgment of a justice's court in a criminal action when the fine is less than twenty dollars, for the reason that the right to the writ is concurrent with the right of appeal. A correct determination of the question presented depends upon the construction to be given to section 585 of Hill's Code, as amended by the act of 1889 (Laws 1889, 134). Prior to the amendment the writ

was allowed in all cases where there was no appeal, and where the inferior tribunal exercised its judicial functions erroneously, or exceeded its jurisdiction. But by the amendments, section 585 reads as follows: "The writ shall be concurrent with the right of appeal, and shall be allowed in all cases where the inferior court, officer, or tribunal, in the exercise of judicial functions, appears to have exercised such functions erroneously, or to have exercised it or his jurisdiction to the injury of some substantial right of the plaintiff, and not otherwise." It is manifest, as the section now stands, that where there is a right of appeal there is a right to a writ of review, as the latter is made concurrent with the former, so that in all cases where the inferior tribunal exceeds its jurisdiction, or exercises its powers erroneously, and a right of appeal exists, there is the concurrent right of review.

2. As an appeal could not be taken in a criminal action in a justice's court where the fine is less than twenty dollars (section 2161, Hill's Code), the trial court held, that as the fine was less than twenty dollars, the right to the writ was not authorized and could not be granted. Or, in other words, as the right of review and the right of appeal were concurrent remedies, and there being no right of appeal in the case because the fine was less than twenty dollars, there could be no right of review. This result would undoubtedly be correct if the section as amended only made the right of review concurrent with the right of appeal; but it not only provides that the writ shall be concurrent with the right of appeal, but that it "shall be allowed in all cases" where the inferior tribunal acts without jurisdiction, or exercises its powers erroneously to the injury of the plaintiff. In the case at bar, it is conceded that the court acted without jurisdiction to the injury of the defendant, as no offense was charged against the defendant in the complaint, and consequently, while there was no right of appeal, there was an erroneous exercise of jurisdiction which entitled the plaintiff to the writ within the terms of the section.

It results from these views, that the trial court erred in dismissing the writ for want of jurisdiction, and that the judgment must be reversed and the cause remanded for such further proceedings as are not inconsistent with this opinion.

[Argued Jan. 16; decided Jan. 30; rehearing denied March 2, 1893.]