Argued January 24, affirmed February 14, 1977

CITY OF EAGLE POINT, *Appellant,*

*v.*

THOMSON et ux, *Respondents.*

(No. 75-2109-L-1, CA 6794)

559 P2d 1322

John R. Hassen, Medford, argued the cause for appellant. With him on the briefs was Blackhurst, Hornecker & Hassen, Medford.

William A. Mansfield, Medford, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

## TANZER, J.

The plaintiff City sued to recover water and sewer hookup fees from defendants, the owners of a mobile home park. Plaintiff claims the fees to be owing pursuant to an ordinance which was enacted effective June 22, 1973. Defendants contend that the ordinance was not applicable because the hookup occurred prior to the effective date. The trial court held for defendants and the City appeals.

Substantive portions of the ordinance provide:

"Section 1. A fee of $50 shall be paid for each residential unit and each commercial unit when such unit is hooked up to the City water system. When more than one unit is served by the same water meter, the $50 fee shall be charged for each unit. The $50 per unit hookup fee shall be in addition to the cost of the water meter or meters which are necessary to meter the amount of water used.

"Section 2. A fee of $95 shall be paid for each residential unit and each commercial unit when such unit is hooked up to the City sewer system.
"* * * * *."

The parties stipulated to the following facts and issue:

"During June, 1973, but prior to June 22, 1973, Defendants completed, or substantially completed construction of nine (9) new mobile home rental lots which rental lots were, prior to June 22, 1973, completed and prepared in such a manner that said lots were available for immediate rental by a prospective customer. Some of said lots did not have, as of June 22, 1973, the concrete slab used as sidewalk and veranda poured for the reason that customers oftentimes wish said slab poured in a particular shape or size to fit such customer's mobile home. In all other respects prior to June 22, 1973, the said nine (9) rental lots, commonly called spaces, were completed and particularly:

"1. The public electric power wires and facilities were constructed, and connected to the Pacific Power and Light facilities and ready for physically connecting to a mobile home unit for each lot as of June 22, 1973. One of

said spaces was placed in use prior to June 22, 1973, and the electrical facility was, prior to June 22, 1973, physically connected to that particular mobile home.

"2. The sewer and water lines to serve said nine (9) spaces had been constructed subsurface and had been physically connected to the sewer and water lines of Plaintiff City of Eagle Point prior to June 22, 1973. As of June 22, 1973, only one mobile home unit had been physically connected to the above described subsurface sewer and water facility of Defendants.

"3. As of June 22, 1973, no other mobile home units had moved on to said nine (9) newly available spaces except for the one above mentioned. After June 22, 1973, all of the remaining eight (8) spaces became rented and routinely the subsurface sewer and water facilities of Defendants, as above-described, were physically connected to each mobile home.

"The parties agree that there is in issue only the question as to whether or not the hook-up fees, as prescribed in Ordinance No. 4-20, are owing by Defendants to Plaintiff for the eight (8) spaces above described, which were not occupied as of June 22, 1973."[1]

Defendants contend that the connection of the mobile home spaces to the city system is the hookup to which the ordinance refers, whereas plaintiff argues that a mobile home, not a mere mobile home space, is a "residential unit," the hookup of which requires a fee.

■ A valid argument can be made for either construction. The scant authority submitted by the parties is distinguishable. The ordinance provides ambiguous internal evidence and no legislative history is provided to aid in resolution of the ambiguity. The rule of statutory construction that a revenue measure should be construed against the sovereign is not meaningful here because an interpretation which aids the defendants in this case may be to the benefit of the city in future applications of the ordinance. Therefore, we

---

[1] Defendants' brief refers to testimony and correspondence in support of their position, but we do not consider that evidence because it was not designated as record.

look to the apparent purpose and function of the ordinance as best we can discern them.

■ The apparent purpose of the ordinance is to recover some or all of the cost of providing new sewer and water service as that service is extended to additional users. Thus liability to contribute to capital costs of the system arises "when such unit is hooked up to the City * * * system." This implies a one-time initial liability which is more consistent with the one-time attachment of the rental space to the city system than with the possibly impermanent attachment of one mobile home after another to the rental space outlet. Functionally, the city system has incurred the cost and must be ready to provide service at the time the space is connected to it regardless of when, if ever, a mobile home actually occupies the lot and its owner turns on the water. Therefore, we construe the ordinance to apply as of the time of connection of the mobile home space to the city system, and we conclude that the defendants are not liable.

Affirmed.