Argued December 20, affirmed March 19, reconsideration
denied April 24, petition for review denied July 31, 1979

HENTHORN, *Appellant.*

*v.*

GRAND PRAIRIE SCHOOL DISTRICT
NO. 14, LINN COUNTY, *Respondent.*

(No. 50242, CA 11195)

591 P2d 1198

Robert D. Durham, Eugene, argued the cause for appellant. On the briefs were Kulongoski, Heid, Durham & Drummonds, and Liana Colombo, John T. Kehoe, and Edward P. Heid, Eugene.

Sam Kyle, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp & Kryger, Eugene.

Before Schwab, Chief Judge, Richardson and Joseph, Judges, and Tongue, Judge Pro Tempore.

JOSEPH, J.

**JOSEPH, J.**

This is an appeal from an order quashing a writ of review. We affirm.

Plaintiff was a probationary teacher in the defendant school district. She was therefore subject to ORS 342.835:

"(1) The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause deemed in good faith sufficient by the board. The probationary teacher shall be given a written copy of the reasons for his dismissal, and upon request shall be provided a hearing thereon by the board, at which time he shall have the opportunity to be heard in his own defense either in person or by a representative of his choice.

"(2) The district board may, for any cause it may deem in good faith sufficent, refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by March 15, and upon request shall be provided a hearing before the district board. Upon request from the probationary teacher the board shall provide the probationary teacher a written copy of the reasons for the nonrenewal, which shall provide the basis for the hearing.

"(3) If an appeal is taken from any hearing, the appeal shall be limited to:

"(a) The procedures at the hearing;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied; and

"(c) In the case of nonrenewal whether notice of nonrenewal was timely given."

She was timely given notice that her contract would not be renewed. She requested and received a written statement of the reasons for her nonrenewal. She requested and was accorded a hearing, at which she presented evidence to refute the reasons stated to her.

[353]

The administration and the board presented no evidence. The board voted to affirm the decision not to renew.

Plaintiff became persuaded that the stated reasons for her loss of employment were not the actual reasons. She filed a petition for writ of review alleging four "causes of action."[1] The district moved to quash the writ on the ground that it failed to "state facts sufficient to warrant the issuance" of the writ. A hearing was had, after which the court allowed the motion to quash and dismissed the writ.[2]

---

[1] The allegations are summarized in her brief:

"*** The first cause of action alleged that defendant failed to follow the procedure applicable to the matter before it by relying upon reasons for nonrenewal which were not furnished to plaintiff in writing under ORS 342.835(2), by failing to notify plaintiff of the reasons for nonrenewal and allowing plaintiff an opportunity to respond to them at a proper hearing, and by considering and deliberating on facts and evidence which were not part of the record produced at the hearing under ORS 342.835(2). In addition, the first cause of action alleged that defendant improperly construed applicable law in that its board members decided the case on the basis of facts and evidence not adduced at the ORS 342.835(2) hearing.

"* * * * *

"The second cause of action alleged that defendant violated its own duly enacted policies by failing to follow the district's teacher evaluation procedures, by failing to provide just cause for plaintiff's nonrenewal, and failing to show that the release of plaintiff from employment was for any of the five reasons listed under the fair dismissal policy.

"The third cause of action also related to defendant's violation of its policies.

"* * * * *

"A fourth cause of action was alleged, claiming a deprivation of plaintiff's interest in liberty without due process."

[2] In its letter opinion the court said:

"Plaintiff has alleged that she was employed by defendant as a probationary teacher; was served prior to March 15, 1977 with a notice of non-renewal under ORS 342.835(2); was furnished a written statement of the reasons therefore; was afforded a hearing before the school board; and that the board then re-affirmed its earlier decision.

Plaintiff's assignments of error all assume that the writ of review properly lay to review the board's action, and the defendant's brief responds only to those assignments. However, we hold that the trial court lacked jurisdiction to issue the writ.

ORS 342.835 in its original form (Or Laws 1965, ch 608, § 4) provided:

"Section 4. (1) The board of any tenure district may discharge or remove any probationary teacher in its employ at any time during a probationary period for any cause deemed sufficient by the board.

"(2) The board may, for any cause it may deem sufficient, refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract. However, the teacher shall be entitled to notice of the intended board action at least 10 weeks before the expiration of his contract or before the end of the school year, whichever occurs first."

There was no provision for any form of hearing in either of the situations covered. In 1971 the section was amended to read:

"342.835. (1) The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause deemed in good faith sufficient by the board. However, the probationary teacher is entitled to meet informally with the board, at the teacher's request, to discuss the cause of dismissal.

"(2) The district board may, for any cause it may deem in good faith sufficient, refuse to renew the contract of any probationary teacher. However, the

---

"The statute clearly states that the board may, 'for any cause it may deem in good faith sufficient', refuse to renew the contract of any probationary teacher.

"It is not alleged that the board had no 'cause it deemed in good faith sufficient', and it affirmatively appears in the petition that the statutory requirements were complied with.

"The motion to quash is in the nature of a demurrer [sic], the court is of the opinion it should be allowed."

teacher shall be entitled to notice of the intended action by March 15." Or Laws 1971, ch 570, § 4.

The section took its present form in 1975. Or Laws 1975, ch 727.

The provision as amended in 1975 may or may not reflect a reaction to this court's opinion in *Hawkins v. School Dist. 14*, 16 Or App 41, 517 P2d 330, *rev den* (1974), and a United States District Court case, *Vanderzanden v. Lowell School District No. 71*, 369 F Supp 67 (1973). Unfortunately, the amendment stands by itself. No other provision of the Fair Dismissal Law, of which the section is a part, was amended, and no procedure for "an appeal" was made. The only appeal procedure expressed in the Fair Dismissal Law is clearly and unequivocally limited to dismissal of *permanent* teachers. ORS 342.905.

There does not appear to be any procedure for an "appeal" after a nonrenewal hearing under the Fair Dismissal Law itself—or under any other part of ORS. Of course a writ of review proceeding is not an appeal. *Hill v. State*, 23 Or 446, 32 P 168 (1893). Plaintiff's proceeding is therefore independent of ORS 342.835[3] and must rest on its justiciability under ORS 34.010-.100. That depends upon whether the district board in holding the hearing was acting as an "inferior court, officer, or tribunal" exercising a "quasi-judicial" function. That in turn depends upon the nature of the "hearing" prescribed by ORS 342.835(2). If the board was required to determine facts from testimony or other evidence and to exercise its judgment on the facts found, we would hold that function to be "quasi-judicial."

The legislative history is spare. One witness favoring the bill, a member of the House of Representatives, characterized the required hearing as "informal" and

---

[3] "*** The fact that the right of appeal exists is no bar to the issuance of the writ." ORS 34.040.

[356]

stated that the board would not, as the minutes put it, "be committed to facts brought out in the hearing when making a decision on rehiring."[4] Another representative, also favoring the bill, said at the same hearing that the bill would allow probationary teachers to know why they were not rehired and would provide "rudimentary provisions of due process." No one else seems to have talked to the present issue, and the testimony is not itself compelling evidence of intent.

■ The 1975 legislation must be appraised in its context as part of the Fair Dismissal Law. When one contrasts the allowable reason for dismissal or nonrenewal of a probationary teacher ("for any cause [the board] may deem in good faith sufficient") with the 10 more or less specific grounds for dismissal of a permanent teacher (ORS 342.865(1)), the respective express procedural protections for probationary teachers with those for permanent teachers (ORS 342.845 .850 .875 .895 .905) and the solitary term "hearing" in ORS 342.835 with the details provided and allowed by ORS 342.915, the conclusion is inescapable that the only ultimate duty imposed on the district board is that it listen. Within the meaning of ORS 34.100[5] the hearing required does not culminate in a "determination or decision" which can be reviewed under a writ of review. The hearing is merely to permit a probationary teacher to be heard, and nothing is required to be done beyond that.

The allowance of the writ of review was not authorized, and the writ was properly dismissed.[6]

Affirmed.

---

[4] Senate Education Committee, Senate Bill 645, Minutes page 2, April 15, 1975.

[5] "Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed ***."

[6] Whether review of the nonrenewal action could have been had by another type of proceeding is not before us.