Argued and submitted September 7,
reversed and remanded October 30, 1979

HENTHORN,
*Petitioner,*

*v.*

GRAND PRAIRIE SCHOOL DISTRICT
NO. 14, LINN COUNTY,
*Respondent.*

(No. TC 50242, CA 11195, SC 26182)

601 P2d 1243

Robert D. Durham, Eugene, argued the cause for petitioner. With him on the briefs were Kulongoski, Heid, Durham & Drummonds, and Liana Colombo, John T. Kehoe, and Edward P. Heid, Eugene.

Sam Kyle, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp & Kryger, Eugene.

TONGUE, J.

**TONGUE, J.**

Plaintiff, a probationary teacher employed by defendant, filed a petition in the circuit court of Linn County for a writ of review of proceedings before defendant school board under ORS 342.835(2) relating to its refusal to renew plaintiff's employment contract. Defendant made a motion to quash the petition for a writ of review. From an order granting that motion and dismissing the petition plaintiff appealed to the Court of Appeals, which affirmed that order. 39 Or App 351, 591 P2d 1198 (1979). It did so, however, not for the reasons urged by defendant, but upon the ground that the trial court had no jurisdiction to issue such a writ of review because the proceedings before the school board under ORS 342.835(2) did not involve the performance by it of a "judicial or quasi-judicial function," so as to be properly subject to a writ of review under ORS 34.040. 39 Or App at 355.[1] We allowed plaintiff's petition for review of that decision by the Court of Appeals.

---

[1] ORS 342.835 provides:

"* * * * *

"(2) The district board may, for any cause it may deem in good faith sufficient, refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by March 15, and upon request shall be provided a hearing before the district board. Upon request from the probationary teacher the board shall provide the probationary teacher a written copy of the reasons for the nonrenewal, which shall provide the basis for the hearing.

"(3) If an appeal is taken from any hearing, the appeal shall be limited to:

"(a)  The procedures at the hearing;

"(b)  Whether the written copy of reasons for dismissal required by this section was supplied; and

"c)  In the case of nonrenewal whether notice of nonrenewal was timely given."

ORS 34.020, relating to writs of review, provides:

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. Upon a review, the court may review any intermediate

Plaintiff's complaint alleged, in substance, that:

Plaintiff was employed by defendant as a probationary teacher; that on or before March 15, 1977, defendant served her with a notice under ORS 342.835(2) that her employment contract would not be renewed and by subsequent letters "afforded" her a "written statement of reasons for nonrenewal"; that at plaintiff's request defendant held a hearing under ORS 342.835(2) concerning the nonrenewal of her contract; that defendant school board then voted to "reaffirm" its "earlier decision to nonrenew" her contract; that at the hearing plaintiff inquired whether the board's decision "was based solely on the record produced at the hearing" and was told by the board's chairperson that it was; that following the hearing that chairperson and other board members stated that the board's decision was based in part upon "communication regarding plaintiff from the superintendent of Lebanon schools"; that facts and evidence regarding that communication were not "addressed" at the hearing; that the board therefore considered "facts and evidence not before the school board"; that plaintiff was never informed or given notice of such facts and evidence or given an opportunity to respond to them;

order involving the merits and necessarily affecting the decision or determination sought to be reviewed.

ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

and that the final decision of defendant board was "erroneous" in that:

"1.  Defendant has failed to follow the procedure applicable to the matter before it by considering and deliberating on the facts and evidence which were not part of the record produced at the hearing under ORS 342.835(2) by relying on reasons for nonrenewal which were not furnished to plaintiff in writing under ORS 342.835(2), and by failing to notify plaintiff of such facts and evidence and afford plaintiff an opportunity to respond to them at a proper hearing.

"2.  Defendant has improperly construed applicable law in allowing its members to deliberate on and decide this case on the basis of facts and evidence not adduced at the hearing, thus denying plaintiff a fair hearing under ORS 342.835(2)."

The complaint also alleged a second and third cause of action which need not be considered in deciding whether the Court of Appeals was correct in its decision.[2]

In holding that the proceedings before the school board under ORS 342.835(2) did not involve the performance of a "judicial or quasi-judicial function," so as to be subject to a writ of review under ORS 34.040, the Court of Appeals said that:

"* * * If the board was required to determine facts from testimony or other evidence and to exercise its judgment on the facts found, we would hold that function to be 'quasi-judicial.' " (39 Or App at 355)

After reviewing the provisions and legislative history of ORS 342.835, however, the Court of Appeals held that:

"* * * the conclusion is inescapable that the only ultimate duty imposed on the district board is that it

---

[2] Plaintiff's second cause of action alleged that defendant violated its own rules, policies and procedures relating to the hiring and dismissal of teachers and thus unlawfully deprived her of employment. As a third cause of action plaintiff alleged that by enacting such rules, policies and procedures defendant "created in plaintiff" a "property interest" protected by the due process provisions of the Constitutions of Oregon and of the United States and which were violated by defendant.

[687]

listen. Within the meaning of ORS 34.100 the hearing required does not culminate in a 'determination or decision' which can be reviewed under a writ of review. The hearing is merely to permit a probationary teacher to be heard, and nothing is required to be done beyond that." (39 Or App at 356)

We disagree.

■ Examination of the legislative history of ORS 342.835(2) convinces us that the Court of Appeals was in error in holding that the legislature, in enacting that statute in 1975, intended that the purpose of a hearing under its provisions was "merely to permit a probationary teacher to be heard"; that "nothing is required to be done (by a district board) beyond that," and that the board was not required to "exercise its judgment on the facts found."

For many years, probationary teachers have been entitled to advance notice that their employment contracts will not be renewed for the succeeding years, but without requirement that the reasons for nonrenewal be stated or that hearings be held. *See* 1957 Or Laws Ch 591, § 4(3) and 1965 Or Laws Ch 608, § 4.

In 1971 ORS 342.835 was amended to entitle *dismissed* probationary teachers to "meet informally with the board, at the teacher's request, to discuss the cause of dismissal." 1971 Or Laws Ch 570, § 4(1). No such meeting was required, however, for probationary teachers whose contracts were not renewed. That provision was included in the "Fair Dismissal Law" which provided new procedures for both the "nonrenewal" and the dismissal of "permanent" teachers (as distinct from probationary teachers), including provisions for notice, hearing and review by a Fair Dismissal Appeals Board. 1971 Or Laws Ch 570. Those procedures, however, were not available to a probationary teacher who could still be "nonrenewed" by a district board "for any cause it may deem in good faith sufficient."

In 1975, however, the legislature amended ORS 342.835 by a separate bill "relating to fair dismissal practices for teachers," but limited to probationary teachers. SB 645, 1975 Or Laws Ch 727.[3] As stated by the Court of Appeals (39 Or App at 355-56), one witness favoring the bill characterized the required hearing as "informal" and said that the board would not be "committed to the facts brought out in the hearing" when making what he characterized as "a decision on rehiring," while a representative favoring the bill stated that it would provide "rudimentary provisions of due process."

In addition, however, it appears that at hearings on April 15, 1975, on SB 645 before the Senate Education Committee, John Danielson, representing the Oregon Education Association, the primary proponent of the bill, described the remedy he believed the bill would offer to probationary teachers as one which included a "right to be heard, defend themselves and establish a record and a protection against malicious dismissals and nonrenewals." Rep. Hardy Myers stated that one purpose of the bill was to provide "a record, for * * * a judicial challenge of the action."

Also, at hearings on June 3, 1975, on SB 645 before the House Labor and Business Affairs Committee, Mr. Danielson, in responding to expressions of concern by a representative that the hearing provided by the bill would be a "judicial hearing" or "quasi-judicial," answered that a quasi-judicial proceeding was "the only way to travel," but that the proposed bill would "sufficiently limit it."

Also of interest is the fact that when SB 645 reached the House of Representatives, subsection (3) was added, providing for an "appeal" from "any hearing," but an appeal that was to be limited, as provided in ORS 342.835(3). Mr. Danielson, speaking in favor of that amendment, stated that:

---

[3] For provisions of ORS 342.835 as thus amended, *see* note 1, above.

"* * * the purpose * * * is relatively simple, it is to avoid an elongated court process and to simply say the board has ruled and if they have given you a proper hearing that's the end of the situation *and anything else would be an appeal on the procedure* and that would be a *limitation* we think is acceptable and should be supportable by most of the boards."

In addition, a proposed amendment to the bill was submitted by the Confederation of Oregon School Administrators which would have amended subsection (2) to read as follows:

"The district board may, for any cause it may deem in good faith sufficient, refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by March 15, and upon request shall be provided *an opportunity to meet informally with the board to discuss the cause of nonrenewal.* Upon request from the probationary teacher the board shall provide the probation teacher a written copy of the reasons for the nonrenewal, which shall provide the basis for the hearing." (Emphasis added)

That proposed amendment was defeated.

As previously noted,[4] ORS 342.835(2) provides that before a district school board may refuse to "renew" the contract of a probationary teacher it must (1) give the teacher notice of its "intended action"; (2) provide to the teacher, upon request, a "hearing" before the board; (3) provide also to the teacher, upon request, "a written copy of the reasons for nonrenewal, which shall provide the basis for the hearing." ORS 342.835(3) provides for "an appeal" from "any hearing," but one limited to "the procedures at the hearing" and whether, in case of "nonrenewal," the "notice of nonrenewal was timely given."

Upon consideration of these statutory provisions, and in the light of their legislative history, we conclude that the Oregon legislature intended to provide to "nonrenewed" probationary teachers a procedure

---

[4] *See* note 1 above for provisions of ORS 342.835(2) and (3).

which, although somewhat "informal" and different from procedures for dismissal of "permanent" teachers under the Fair Dismissal Law, will nevertheless provide rudimentary fair procedures by notice and hearing.[5] We also conclude that by requiring a district board to give to such a teacher a notice of its "intended action," as well as a written statement of "the reasons for the nonrenewal, *which shall provide the basis for the hearing,* "it is implicit that the legislature intended that the teacher have at least an opportunity at the hearing to offer evidence in an effort to contest the "reasons for the nonrenewal" and to demonstrate that such "reasons" are false; that the board will at least consider such evidence in good faith, and will then make a "determination" or "decision" whether or not to make final its previously "intended action," and that some kind of an "appeal" to the courts was also intended by the legislature, although one limited to "the procedures at the hearing" and "whether notice of nonrenewal was timely given."

██ Having reached these conclusions, it follows, in our opinion, that the "function" to be performed by a school board under the procedure provided by ORS 342.835, as thus amended in 1975, is "quasi-judicial" within the meaning of ORS 34.040 (which provides that writs of review shall be allowed in all cases involving the exercise of quasi-judicial functions) and that in such a "proceeding" the board is required to make a "decision or determination" within the meaning of ORS 34.020.[6]

---

[5] We recognize that the legislative history of ORS 342.835(2) is not controlling, but believe that at least some of it has some significance. We also recognize that statements before legislative committees by persons not members of the legislature may have little or no significance. *See* Note: Nonlegislative Intent as an Aid to Statutory Interpretation, 49 Col. L. Rev. 676 (1949).

[6] *Cf. Strawberry Hill 4 Wheelers v. Benton County,* 287 Or 591, 601 P2d 769 (1979), and *Leckleider v. Carson,* 156 Or 636, 641, 68 P2d 482 (1937). *See also* K. Davis, Administrative Law of the Seventies, 267 (1976), and Friendly, Some Kind of Hearing, 123 U Pa L Rev 1267, 1280-81 (1975).

*See* Note 1 above for the provisions of ORS 34.020 and 34.040.

■ We agree, however, as is apparently conceded by the plaintiff-petitioner, that in view of the express limitations imposed by ORS 342.835(3) upon any "appeal" from such a hearing, the scope of review under a writ of review in such a case is limited to "the procedures at the hearing" and "whether notice of nonrenewal was timely given."[7]

■ It also follows, in our opinion, that the Court of Appeals was in error in holding that the circuit court had no jurisdiction over this writ of review. For these reasons this case is remanded to the Court of Appeals to consider and decide the issues raised by plaintiff's assignments of error on appeal to that court.

Reversed and remanded.

---

[7] No contention is made in this case that the word "appeal" in ORS 342.835(2) was intended to refer not to an appeal to a court, but to an appeal to a Fair Employment Dismissal Board under ORS 342.895. *Cf. Zollinger v. Warner*, 286 Or 19, 593 P2d 1107 (1979).