Argued and submitted May 12, affirmed November 3,
reconsideration denied December 12, 1980,
petition for review denied February 18, 1981 (290 Or 491)

**JORDAN,**
*Appellant,*

*v.*

**CITY COUNCIL OF THE CITY
OF LAKE OSWEGO, et al,**
*Respondents.*

(No. 78-12-344, CA 15491)

618 P2d 1298

Lawrence Wm. Jordan, Jr., Beaverton, argued the cause and filed the briefs pro se for appellant.

Jeffrey M. Batchelor, Portland, argued the cause for respondents. With him on the brief were Spears, Lubersky, Campbell & Bledsoe, and James H. Clarke, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from a declaratory judgment action instituted by plaintiff to determine whether the City Council of Lake Oswego (Council) lawfully dismissed plaintiff as city attorney. The trial court concluded that the action of Council in removing the plaintiff as city attorney for Lake Oswego was a valid act and dismissed the plaintiff's complaint. We affirm the trial court for a different reason.

Plaintiff made ten assignments of error.[1] Because of our disposition of this case, we do not consider each assignment; it is only necessary to determine whether the council proceeding was a legislative proceeding or a quasi-judicial proceeding, and if the latter, whether plaintiff's selection of a declaratory judgment action is proper. We conclude it was a quasi-judicial proceeding, and, therefore, plaintiff's remedy was a writ of review.

Plaintiff was appointed city attorney of Lake Oswego in January, 1977, for a term of four years. On December 7, 1978, the mayor of Lake Oswego notified plaintiff by

---

[1] The plaintiff made the following assignments of error:

(1) The trial court erred in finding that the Oregon Constitution, Article VII, Section 6, did not apply;

(2) The court erred in finding that plaintiff's removal was not in violation of the United States Constitution, Article I, Section 10;

(3) The trial court erred in finding that removal is not prevented by the Oregon Constitution, Article XV, Section 2;

(4) The trial court erred in decreeing that the city charter, section 14, provides that the city attorney can be removed without cause and in the manner that the council employed;

(5) The trial court erred in not finding the proceedings unlawful for lack of due process;

(6) The trial court erred in not finding that defendant violated the Public Meetings Law, ORS ch 192;

(7) The trial court erred in not finding that the council members held the office of the city recorder;

(8) The trial court erred in denying plaintiff's motion for partial summary judgment;

(9) The trial court erred in not holding that ORS 192.660(1)(b) grants specific due process rights to plaintiff.

Plaintiff appears in his brief to have abandoned his tenth assignment of error.

letter that the Council would consider his dismissal at their December 19, 1978, meeting on eight separate charges. The plaintiff was also informed in the same letter that:

"* * * * *

"Should it be your desire that the Council's consideration of your dismissal be conducted in an open hearing, as permitted by ORS 192.660(b), we ask that you so inform this Council, in writing, at the first opportunity.

"* * * * * *."

On December 13, 1979, plaintiff requested by letter that he be given a list of all witnesses who would accuse him at the hearing, a copy of all documents to be offered against him and transcriptions of all executive meetings of the council. He denied the truth of the charges and concluded with the following:

"* * * * *

"In short, I demand I be awarded due process of law in all stages of these proceedings commencing with the showing of jurisdiction to consider the matter in a mode of procedure authorized by law.

"* * * * * *."

On December 19, the Council rejected plaintiff's specific requests. In a letter dated December 19, 1978, the mayor informed plaintiff that:

"* * * * *

"* * * no formal hearing of any kind is required. However, it is the council's intention to accord you a hearing at which time the particulars of the charges against you will be placed in the record and you will be given an opportunity to respond. * * *

"* * * * * *."

An open meeting was held on December 19, 1978, to consider plaintiff's dismissal. At that time plaintiff delivered a letter stating:

"* * * * * *."

"* * * I told [the mayor] I needed time to prepare my defense to the charges, specifics of which have not been furnished to date, and he stated that your proceedings would go forward in any event.

"In view of this denial of my rights to defend myself properly, I cannot sanction your proceedings tonight by appearing. I go on record in protest of blatant and unjustified action.

"* * * * * *."

Plaintiff did not participate in the hearing and the Council voted to remove plaintiff from office. The mayor notified plaintiff as follows in a letter dated December 20, 1978:

"\* \* \* \* \*

"At its regularly scheduled December 19, 1978 meeting, following a hearing of which you had written notice but in which you chose not to participate, the City Council with five members present voted unanimously to dismiss you as City Attorney of the City of Lake Oswego effective as of 5:00 p.m. on December 20, 1978, with severance pay consisting of one month's salary together with any accrued vacation pay to date.

"In accordance with the decision of the City Council, you are hereby dismissed as City Attorney of the City of Lake Oswego as of 5:00 p.m. on December 20, 1978.

"\* \* \* \* \*."

■ Because plaintiff was appointed to his position for a fixed term, he had an "expectation of employment" for the unexpired remainder of his term. An expectation of employment has been recognized as a "property" right protected by the Fourteenth Amendment to the United States Constitution. *Crampton v. Harmon,* 20 Or App 676, 686, 533 P2d 364 *rev den* (1975). *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 511 P2d 854 *rev den* 1973), *cert den* 417 US 919 (1974). Consequently, plaintiff could not be removed without due process.

■ We need not proceed further in our analysis of whether the required procedural safeguards were afforded plaintiff, *e.g.,* the requirement of notice, *Arnett v. Kennedy,* 416 US 134, 96 S Ct 1633, 40 L Ed2d 15 (1974); *Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed2d 18 (1976); *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1977), because a declaratory judgment is not the proper remedy by which a party may appeal from a quasi-judicial proceeding.

ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court including a district court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of *judicial* or *quasi-judicial* functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to, the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

"to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." (Emphasis supplied.)

The Supreme Court said in *Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976):

"The writ of review is an economical, expeditious and procedurally simple remedy which allows the reviewing court to examine the record made in the proceeding below. It has the beneficial effect of limiting the scope of review to those matters which were brought to the attention of the lower tribunal and passed upon by that body. In contrast, a declaratory judgment proceeding presumes to examine the controversy de novo, and it allows the parties to present new evidence, to raise new issues, and to relitigate the entire proceeding. Such a method of review fails to give proper regard to the actions of local governing bodies. It is also undesirable from the standpoint of conserving judicial resources." 275 Or at 625.

The court then concluded that the writ of review procedure was the proper method for securing judicial review of the quasi-judicial decision of the local governing body, and that the bringing of a declaratory judgment proceeding was inappropriate. We said in *Graziano v. City Council of Canby,* 35 Or App 271, 581 P2d 552 (1978):

"A writ of review can only be used to challenge the 'judicial or quasi-judicial' decision of a tribunal. ORS 34.040. Decisions that are other than 'judicial or quasi-judicial,' such as legislative and administrative, can only be judicially reviewed by some other means, such as declaratory judgment, a suit in equity or an action at law." 35 Or App at 273.

Because this was a quasi-judicial proceeding before the council, plaintiff's appeal to the circuit court was by way of a writ of review and not a declaratory judgment.

Affirmed.