Argued and submitted December 19, 1980, affirmed April 13, reconsideration denied May 21, petition allowed June 30, 1981 (291 Or 151)

MADDOX,
*Appellant,*
*v.*
CLACKAMAS COUNTY SCHOOL
DISTRICT NO. 25 et al,
*Respondents.*

(No. 78-5-275, CA 17281)

626 P2d 924

Paul J. Kelly, Jr., Portland, argued the cause for appellant. With him on the briefs was Glasgow, LaBarre & Kelly, P.C., Portland.

James C. Tait, Oregon City, argued the cause for respondents. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

Thornton, J., specially concurring.

## BUTTLER, J.

Plaintiff was employed as a probationary teacher by the defendant[1] School District for the 1976-77 school year under a written agreement which incorporated by reference the laws of the state of Oregon. Shortly after he commenced work, defendant terminated plaintiff's employment, and, after a skirmish over the procedural niceties contained in ORS 342.835(1),[2] this lawsuit was filed.

The only assignment of error on appeal is that the trial court erred in granting defendants' motion to dismiss plaintiff's first and second causes of action, each of which is in two counts. Count I of the first cause of action is a simple action for breach of contract and, although the complaint does not so allege, presumably plaintiff contends that defendant did not discharge him "for any cause deemed in good faith sufficient by the board." *See* ORS 342.835(1). If plaintiff may maintain such an action, he could obtain judicial review of defendant's substantive basis for terminating him. As we read ORS 342.835(1) and (3), a probationary teacher may be discharged or not renewed for *any* reason which the board in good faith deems sufficient, and the only review is that provided by the statute. ORS 342.835(3)[3] expressly limits any "appeal" to a review of the

---

[1] Although there are defendants other than the School District, for purposes of this opinion we refer to the School District as the defendant.

[2] ORS 342.835(1) provides:

"(1) The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause deemed in good faith sufficient by the board. The probationary teacher shall be given a written copy of the reasons for dismissal, and upon request shall be provided a hearing thereon by the board, at which time the probationary teacher shall have the opportunity to be heard either in person or by a representative of the teacher's choice."

[3] ORS 342.835(3) provides:

"(3) If an appeal is taken from any hearing, the appeal shall be limited to:

"(a) The procedures at the hearing;

"(b) Whether the written copy of reasons for dismissal required by this section was supplied; and

"(c) In the case of nonrenewal whether notice of nonrenewal was timely given."

procedures at the hearing and whether the written copy of reasons for dismissal required by the section was supplied. There is no review of the reason for discharge, or the good faith of the board.[4]

■    In *Henthorn v. Grand Prairie School Dist.,* 287 Or 683, 601 P2d 1243 (1979), the Supreme Court held that the legislature intended by these statutory provisions to require what is, in essence, a quasi-judicial proceeding, and "* * * that some kind of an 'appeal' *to the courts* was also intended by the legislature, although one limited to 'the procedures at the hearing' and 'whether notice of nonrenewal was timely given.' " (Emphasis supplied.) 287 Or at 691. The court went on to hold that a writ of review is an available means (and perhaps the only means) by which a probationary teacher may "appeal" the school board's actions. Plaintiff here did not seek a writ of review, and we hold he may not avoid the limited statutory review by bringing an action for breach of contract any more than he could do so by bringing a declaratory judgment proceeding. *See Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976); *Jordan v. City Council of Lake Oswego,* 49 Or App 31, 618 P2d 1298 (1980), *rev den* (1981). Count I was properly dismissed.

■■    Count II of the first cause of action is also for breach of contract, but plaintiff alleges that his termination was "without good cause" and that he was not afforded the procedural protections normally associated with due process, all of which he contends were in violation of ORS 342.835 and Article I, section 10 of the Oregon Constitution. The cited statute does not require that the board have "good cause" to terminate a probationary teacher; neither does the statute require that the board afford him all of the procedures which he contends were denied him. Again, to the extent that he has a remedy, it is by writ of review.

---

[4] That conclusion is reinforced by HB 3014 introduced in the 1981 Legislature, the effect of which would be to amend ORS 342.835(3) to authorize review of the question whether "a cause considered in good faith by the board of the employing district exists * * *." The proposed review would be by the State Board of Education, and would include a hearing, if one is requested, before a hearings officer appointed by that board.

■       Both Counts of plaintiff's second cause of action are premised upon plaintiff's having a property interest in his job, which a probationary teacher does not have, *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 511 P2d 854, *rev den* (1973), *cert den* 417 US 919 (1974); *Davis v. Oregon State University,* 591 F2d 493 (9th Cir 1978), at least in the absence of a contract giving the teacher greater rights than does the statute.

Because none of plaintiff's counts in the two causes of action alleges facts sufficient to constitute a cause of action, the trial court did not err in dismissing them.

Affirmed.

**THORNTON, J.,** specially concurring.

Although I concur in the result reached in the prevailing opinion, I am in total disagreement with its rationale.

The crux of my disagreement with the majority is that in my view the majority opinion completely disregards the plain language of ORS 342.835(3) specifically providing that a discharged teacher has a right of administrative appeal from the school board's order terminating his employment after a hearing before the board.

On appeal, plaintiff argues as follows:  that as a probationary teacher, plaintiff did not have a right of an administrative appeal of his termination under the Fair Dismissal Law; that the fact that he may have available to him the remedy of a petition for writ of review to the circuit court does not foreclose his common law right to sue for breach of his employment contract or from bringing a civil rights claim under 42 USCA § 1983.

Defendant District contends that plaintiff may bring neither a breach of contract claim nor a § 1983 action because he had a right to appeal to the Fair Dismissal Appeals Board (FDAB) and has failed to exhaust that administrative remedy. It further contends that, if plaintiff is not entitled to such an appeal, the appropriate remedy is an action for wrongful termination. This, defendant argues, is a tort action which plaintiff is precluded from

bringing by the limitation provisions of the Oregon Tort Claims Act. *See* ORS 30.275 (1)(3).

On September 29, 1976, the date of plaintiff's dismissal, ORS 342.835 applied to his status as a probationary teacher and provided in relevant part:

"(1)   The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause deemed in good faith sufficient by the board. The probationary teacher shall be given a written copy of the reasons for his dismissal, and upon request shall be provided a hearing thereon by the board, at which time he shall have the opportunity to be heard in his own defense either in person or by a representative of his choise.

"* * * * *

"(3)   If an appeal is taken from any hearing, the appeal shall be limited to:

"(a)   The procedures at the hearing;

"(b)   Whether the written copy of reasons for dismissal required by this section way supplied * * *.

"* * * * *."

Subsection (3) of this section contemplates that a dismissed or nonrenewed probationary teacher will have some kind of appeal from the determination made by the school board following a hearing. The apparent reference is to ORS 342.905 (1) which provides for appeal to the FDAB "[i]f the district school board dismisses the teacher * * *." The difficulty stems from the fact that ORS 342.905 contains numerous references to "permanent teachers" only, thereby ostensibly restricting availability of a hearing to tenured teachers. ORS 342.905 (3), (5), (6) (a), (7).

In *Henthorn v. Grand Prairie School Dist.,* 39 Or App 351, 356, 591 P2d 1198, 287 Or 683, 601 P2d 1243 (1979), we stated that no such right of appeal existed. We further held that a probationary teacher whose contract was not renewed had no right to a writ of review because the hearing before the board did not result in a determination or decision which could be reviewed. 39 Or App at 356-a. On appeal, our Supreme Court reversed, holding that the school board's determination was a quasi-judicial decision which could be reviewed by writ of review in circuit court.

287 Or at 690-91. There was apparently no contention, however, that an appeal to the FDAB was also available. 287 Or at 692 n 7.

In my view, in enacting ORS 342.835 (3), the legislature intended to extend a right of administrative appeal to probationary teachers. The language to the contrary in our opinion in *Henthorn* should be expressly disapproved by this court. Historically, the legislature has been expanding the rights of probationary teachers who are dismissed. In 1965, when the statute was first enacted, subsection (1) provided:

> "The board of any tenure district may discharge or remove any probationary teacher in its employ at any time during a probationary period for any cause deemed sufficient by the board."

In 1971, that subsection was amended (Oregon Laws 1971, ch 570, § 4, P 1013 to read:

> "The district board of any fair dismissal district may discharge or remove any probationary teacher in the employ of the district at any time during a probationary period for any cause deemed in good faith sufficient by the board. However, the probationary teacher is entitled to meet informally with the board, at the teacher's request, to discuss the cause of dismissal."

In 1975, the section was again amended (Oregon Laws 1975, ch 727, § 1, p 1991), adding subsection (3) and granting a dismissed teacher a hearing before the board and a written copy of reasons for his dismissal.

There is presently pending before the 1981 legislature House Bill 3019 providing for a new and additional hearing for a probationary teacher denied reemployment. The hearing would be before a hearings officer appointed by the State Board of Education.

ORS 342.905 has also been changed several times since its initial enactment. In 1965, subsection (1) (quoted in part above) referred specifically to permanent teachers. That reference was deleted by the 1971 amendment, although other references to permanent teachers in that section remained. The section was twice amended in 1973, but was not amended in 1975 when the legislature enacted ORS 342.835(3).

In construing statutes, we attempt to give effect to every part, if possible, *Tracy v. Employment Division,* 29 Or App 851, 854, 565 P2d 403 (1977). If the reference in ORS 342.835(3) does not refer to an administrative appeal to the FDAB, then it is meaningless because there is no other right of appeal of which we are aware to which it could refer. It has long been established that a writ of review is not an "appeal," although our Supreme Court applied ORS 342.835(3) to limit the scope of review available upon writ of review. *Hill v. State,* 23 Or 446, 32 P 160 (1893).

I conclude that the legislature, in adding ORS 342.835(3), impliedly amended ORS 342.905 to allow appeals for probationary teachers. *Balzer Mch. v. Klineline Sand & Grav.,* 271 Or 596, 601, 533 P2d 321 (1975). It follows that plaintiff has failed to exhaust his administrative remedies. *See Bay River v. Envir. Quality Comm.,* 26 Or App 717, 721-22, 554 P2d 620, *rev den* (1976); *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973). I do not imply that *no possible* cause of action arising out of a dismissal can exist unless the plaintiff has pursued administrative remedies to challenge or reverse the dismissal. I would hold that where, as here, the injuries alleged could be wholly cured or redressed through available administrative channels, administrative remedies must be exhausted.

This opinion will also serve to alert the legislature to the problem presently perplexing the courts with reference to the interpretation ORS.342.835 and to give that body an opporfunity at the current session to clarify the statutes pertaining to the appeal rights of dismissed or nonrenewed probationary teachers.