Argued and submitted February 6, reversed and
remanded with instructions April 27, 1981

## SCHOOL DISTRICT NO. 48, WASHINGTON COUNTY,
*Respondent,*

*v.*

## UNIFIED SEWERAGE AGENCY OF WASHINGTON COUNTY,
*Appellant.*

(No. 40-148, CA 18870)

627 P2d 485

John M. Junkin, Chief Assistant County Counsel, Hillsboro, argued the cause and filed the brief for appellant.

James N. Westwood, Portland, argued the cause for respondent. On the brief were Clifford N. Carlsen, Jr., Mary Ann Frantz and Miller, Nash, Yerke, Wiener & Hager, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from a judgment holding as a matter of law that it was not entitled to charge a sewer connection fee for an expansion by plaintiff of its existing maintenance facilities and overruling defendant's demurrer to the complaint for declaratory judgment on the ground that the exclusive remedy under the circumstances was by writ of review.

In 1974, plaintiff constructed the original building housing its maintenance facility and was charged a connection fee based on a rate calculated as equivalent to the standard dwelling units for the area covered by the facility. That fee was paid. In 1978, plaintiff sought a permit to expand the facility. Defendant informed plaintiff that it would have to pay a connection fee (fixed in a virtually identical manner as the initial fee but subject to a higher rate per standard dwelling unit). Plaintiff was credited with the amount paid under the original assessment. Plaintiff objected and appealed, pursuant to defendant's rules, to the general manager of defendant and then to the board of directors, both of which upheld the connection fee. Defendant's rules also provided:

> "Decisions of the Board shall be reviewable by the Circuit Court, the State of Oregon for Washington County solely and exclusively under the provisions of ORS 34.010 to 34.100 [pertaining to writs of review]."

Instead of seeking a writ of review, plaintiff brought a declaratory judgment proceeding seeking a determination that no fee was owed. Defendant filed a demurrer, an "alternative answer" and, subsequently, a motion for summary judgment. Plaintiff filed a cross-motion for summary judgment. The trial court found that the statute (former ORS 203.200[1]), providing that decisions made in the transaction of county business could be reviewed only by writ of review, was not applicable because defendant, a county service district, was a separate entity

---

[1] ORS 203.200, repealed in 1979, provided:

"The decisions of the county court made in the transaction of county business shall be reviewed only upon the writ of review provided by the civil procedure statutes."

from the county itself. The court also found that a connection fee was a one-time charge coincident with the initial hook-up and that increased use without an additional physical connection was not a basis for reassessing the fee (citing *Eagle Point v. Thomson,* 28 Or App 551, 559 P2d 1322 (1977)). Because we conclude that a writ of review is the exclusive remedy, we do not reach defendant's second assignment of error challenging the judgment on the merits of the cause itself.

ORS 451.010(1)(a) authorizes counties to form service districts. ORS 451.485(1) directs that the governing body of such a district shall be, in this case, the board of county commissioners. ORS 451.410(1). ORS 451.500[2] authorizes the board to assess connection fees by order or ordinance.

Defendant contends that the decision to charge an additional connection fee in this instance constituted the "transaction of county business," and thus, as defendant interprets former ORS 203.200, was reviewable only by writ of review. We need not decide, however, whether the statute applies, or whether defendant's construction of the statute is correct, because we conclude that the decision of the board in this instance was quasi-judicial in nature and, therefore, reviewable exclusively by writ of review.

Defendant service district was created and organized by county resolution and Order 70-12. Section 8 of that order provides the appeal procedure for district determinations. The initial appeal is in writing to the general manager of the district. Section 8 then provides:

"* * * * * *

"B. The General Manager shall submit such appeal together with his recommendations to the Unified Sewerage Agency Commission which shall forthwith appoint a

---

[2] ORS 451.500 provides:

"The district may by order or by ordinance, for the purpose of paying the costs of operation and maintenance of service facilities, and for the repayment of bonds, impose user charges on property served by the service facilities. The district may, from time to time when necessary, use moneys from the revolving fund for such maintenance and operation on a reimbursable basis. User charges, connection fees or service charges shall be based upon the costs of operation, maintenance and supervision of service facilities and the costs of bond repayment."

panel of three members of the Commission to study the matter, hear testimony if deemed necessary, and submit recommendations and the findings and reasons for such recommendations to the Commission within thirty (30) days.

"C. The Commission shall consider the matter and prepare a written decision summarizing the findings and the ruling of the Commission which shall be sent to the appellant and to the Board of Directors of the Unified Sewerage Agency.

"D. In the event that the appellant considers that his grievance has not been handled to his satisfaction by the Commission, he may apply to the Board of Directors of the Unified Sewerage Agency for an independent review of his case by the Board of Directors within thirty (30) days from the date of the written decision of the Commission. A copy of such application shall be sent to the Unified Sewerage Agency Commission which shall forward to the Board of Directors its entire file on the case for review and decision. The Board of Directors shall make an independent review of the case and shall, in not more than thirty (30) days from receipt of the application prepare a written decision on the matter which shall be sent to the applicant and to the Commission."

" * * * * * *"

A quasi-judicial, as opposed to a legislative or administrative, decision is characterized by the necessity of applying pre-existing criteria to concrete facts and results in a determination "directed at a closely circumscribed factual situation or a relatively small number of persons." *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm.*, 287 Or 591, 603, 601 P2d 769 (1979). In this case, the dispute centers around defendant's interpretation of its own pre-existing rule requiring payment of a connection fee and involves only the rights of plaintiff. Defendant's appeal procedure involves factfinding and, if necessary, the taking of testimony, and results in a determination on those facts. We conclude that the decision is quasi-judicial and reviewable by writ of review as the decision of an "officer or tribunal other than an agency." ORS 34.040[3].

---

[3] ORS 34.040(4) would permit the plaintiff to challenge the determination on the ground that defendant "improperly construed the applicable law" (*i.e.,* its resolution and order).

Where this remedy is available, in the absence of extraordinary circumstances, it is the exclusive remedy. *Brooks v. Dierker,* 275 Or 619, 625, 552 P2d 533 (1976); *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm., supra; Jordan v. City Council of Lake Oswego,* 49 Or App 31, 36, 618 P2d 1298 (1980); *Caldwell v. Wunderlich,* 26 Or App 407, 552 P2d 1321, *rev den* (1976). It follows that the trial court lacked jurisdiction to entertain the declaratory judgment proceeding.

Reversed and remanded with instructions to dismiss the cause.