Argued and submitted October 12, 1983, affirmed January 11, 1984

# WALKER,
*Petitioner,*

*v.*

# OREGON STATE BOARD OF HIGHER EDUCATION et al,
*Respondents.*

## (CA A26392)
674 P2d 88

Michael F. Fox, Eugene, argued the cause for petitioner. With him on the brief was Hoffman, Morris, Giustina & Fox, Eugene.

Jerome Lidz, Assistant Attorney General, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and James E. Mountain, Jr., Assistant Attorney General.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner is a tenured academic staff member at the University of Oregon (University). In 1982, her supervisor proposed to reassign her from her position as Head Science Librarian to a new position where she would no longer have supervisory responsibilities. She objected and asked for a formal hearing, relying on OAR 580-21-320.[1] The University denied her a formal hearing and treated her objection as a grievance.[2] The Board of Higher Education affirmed. Petitioner seeks judicial review. She first contends that the University's refusal to grant her a formal hearing before reassignment violates OAR 580-21-320.

■　Petitioner argues that her reassignment constitutes a "sanction for cause." The University argues that OAR 580-21-320 is inapplicable, because petitioner's reassignment was for "nondisciplinary" reasons. The record shows that after her reassignment petitioner continued to be a tenured academic staff member. She lost no salary, rank or privilege because of her reassignment. We fail to see how petitioner was "sanctioned" by being reassigned.

■　Petitioner argues that she has a "property" interest in her former position that is protected by the Fourteenth Amendment. She relies on *Tupper v. Fairview Hospital*, 276 Or 657, 556 P2d 1340 (1976), *Jordan v. City Council of Lake Oswego*, 49 Or App 31, 618 P2d 1298 (1980), *rev den* 290 Or 491 (1981) and *Crampton v. Harmon*, 20 Or App 676, 533 P2d 364 (1975). Those were termination cases. Here, petitioner was

---

[1] OAR 580-21-320 provides:

"The appointment of a tenured or non-tenured academic staff member may be terminated, or other sanctions imposed, for cause. Sanctions for cause include oral or written warning or reprimand, removal from an assigned post and reassignment, suspension for a period not to exceed one year, and termination. Sanctions more severe than oral or written warning or reprimand shall be imposed in accordance with the procedure in rules 580-21-325 through 580-21-385. Sanctions of oral or written warning or reprimand may be imposed in accordance with institutional procedures."

[2] Petitioner requested that the university provide her a sanction-for-cause hearing. *See* OAR 580-21-320 *et seq.* She also initiated grievance proceedings. *See* OAR 571-03-005. The university's President denied the grievance on the grounds that the university did not intend the reassignment to be a sanction under OAR 580-21-320 and that reassignments based on administrative efficiency were within the inherent authority of university officials. The President also denied petitioner a formal hearing.

not terminated. There is no constitutionally recognized property interest in a particular job assignment as such, and petitioner has not demonstrated any deprivation that has constitutional implications. *See Teachers United for Fair Treatment v. Anker,* 445 F Supp 469, 472 (EDNY 1977); *Roseboro v. Fayetteville City Board of Education,* 491 F Supp 113, 117 (ED Tenn 1978).

■ Petitioner argues that she has a "reputation" interest in her former position that is protected by Article 1, section 10, of the Oregon Constitution. Justice O'Connell's concurring opinion in *Tupper v. Fairview Hospital, supra,* 276 Or at 669, suggests that Article 1, section 10, protects an employe's reputation when that employe is discharged. Petitioner was not discharged, and no deprivation of constitutional magnitude has been demonstrated.

Petitioner argues that the Board's order is not based on substantial evidence. That, however, is not her assignment of error. She contends only that the Board erred in failing to direct the University to grant her a contested case hearing. Because we conclude on the undisputed facts that she is not entitled to a contested case hearing, no issue of substantial evidence is presented.

We find no error.

Affirmed.