HANNA, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(CA 5618)

550 P2d 758

J. Robert Jordan, Portland, argued the cause for petitioner. With him on the brief were Jordan & Jordan, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*David W. Morthland,* Portland, argued the cause for respondent Portland Public Schools. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener and Bruce E. Speidel, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from the decision of the Employment Appeals Board (EAB) which concluded that he was not entitled to unemployment benefits on the ground that he was receiving a guaranteed wage, ORS 657.205(1)(a).

Claimant is employed by the Portland School District as a teacher at the Portland Job Corps Center. For several years claimant worked 12 months per year, under successive one-year contracts. In August of 1975, claimant was offered and accepted a new one-year contract providing for him to teach only nine months with three one-month periods of inactivity. By a staff memorandum claimant was informed that he would be paid one-twelfth of his expected annual salary each month, even in the months in which he performed no services. Claimant serves at the pleasure of the superintendent of schools and can be terminated on 20 days' notice.

When the first month in which claimant was scheduled not to work arrived in September, he applied for unemployment benefits. His claim was rejected at all levels.

On appeal to this court, claimant argues that the decision of EAB that he was receiving a guaranteed wage within the meaning of ORS 657.205(1)(a) is not supported by substantial evidence, ORS 183.482(8)(d). We agree.

In *Gollender v. Morgan,* 17 Or App 104, 111, 520 P2d 453 (1974), we defined guaranteed wage as:

> " '* * * [T]he assurance by an employer that the covered worker will draw a fixed wage per year divided into a set number of pay periods * * *.' 11 Labor L J 125, 126 (1960)."

In *Gollender* the claimant was a college professor employed to teach and do research for a nine-month period ending in the spring. The contract provided that although he was to perform services in only the first

nine months of the contract, he would be paid monthly for a 12-month period extending through the summer. We affirmed the Board's denial of benefits, holding that claimant had a guaranteed wage through the summer.

The significant facts in the case before us are different. Claimant has no guarantee of working any set period as did the claimant in *Gollender.* As noted, claimant serves at the pleasure of the superintendent and can be terminated on 20 days' notice. In such a situation claimant has no "assurance by an employer" that he will draw a fixed wage for a definite period of time.

■ In affirming the decision of the referee, EAB based its decision only on its conclusion that the claimant was receiving a guaranteed wage. It did not pass on the other basis for the referee's decision, that the claimant was not unemployed within the meaning of ORS 657.100. That section provides:

> "An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him * * *."

Because the evidence in this case is not in dispute, we will not remand to EAB to have it determine whether the claimant was unemployed, but do so ourselves.

ORS 657.100 provides that for a person to be unemployed he must meet two requirements: (1) that he perform no services during the period in question and (2) that no wages be payable to him. It is undisputed here that claimant performed no services during the period in question, but he did receive a monthly pay check. Although claimant was to work only nine months, he was to be paid one-twelfth of his expected annual wage each month. Claimant therefore had wages payable to him for the period in which he seeks benefits and is not entitled to benefits since he is not unemployed within the meaning of ORS 657.100.

Affirmed.