Argued May 24, affirmed June 13, 1977

# TRACY, *Petitioner,*
*v.*
# EMPLOYMENT DIVISION et al, *Respondents.*
## (No. 76-AB-1278, CA 7634)

565 P2d 403

Liana Colombo, Eugene, argued the cause for petitioner. With her on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Jackson County I.E.D.

Before Thornton, Presiding Judge, and Tanzer and
Johnson, Judges.

PER CURIAM.

## PER CURIAM.

We adopt as our opinion in this case the following abstracts from respondent's brief:

"The sole issue in this case is whether petitioner satisfied the requirements of ORS 657.150 so as to be eligible for unemployment compensation. ORS 657.150 provides, in pertinent part:

" '(1) After June 20, 1959, an individual shall be paid benefits during his benefit year in an amount which is to be determined by taking into account his weeks of work in subject employment in his base year as provided in this section.

" '(2) To qualify for benefits an individual must have had at least 18 weeks of work with an average of $20 per week in subject employment in his base year. . . .'

"Petitioner does not assign as error the accuracy or completeness of the findings of fact made by the Board. The Board made the following findings of fact:

" '(1) On September 3, 1976 the claimant filed an intitial claim, establishing her base year as the period of March 30, 1975 through April 3, 1976. (2) The claim determination prepared pursuant to her filing for unemployment insurance benefits sets out 12 weeks of work and total wages of $5,102.80. (3) She had one other week of work for approximately $56.91. (4) The claimant entered into a one-year teaching contract with this employer commencing August 26, 1974 and ending on or about June 6, 1975. (5) The contract provided for her to be paid in 12 separate installments through the end of August 1975.'

"Petitioner's contention appears to be that, because she had a teaching contract providing her with installment payments during the summer of 1975, those summer weeks should be considered 'weeks of work' in subject employment so that, when the summer weeks of work are combined with other weeks of work, she would have fulfilled the '18 weeks of work' eligibility requirements of ORS 657.150(1) and (2).

"This is incorrect.

"First, the concepts of 'employment,' 'unemployment,'

and 'weeks of work' do not all turn upon the same considerations. These are terms of art in the unemployment compensation law with specific meanings in specific statutes. The concepts cannot be easily intermixed.

"Thus, a person may generally be deemed to be engaged in 'employment' if he is performing service for an employer for remuneration or under any contract of hire. ORS 657.030. A person who does not fulfill these requirements is not, however, necessarily 'unemployed.' Under ORS 657.100, a person must meet two requirements to be unemployed: he must perform no services in question *and* there must be no wages payable to him during the period in question. *See, Hanna v. Employment Division,* 25 Or App 727, 730, 550 P2d 758 (1976). Thus, for purposes of the unemployment compensation law, the concepts of employment and unemployment are not antithetical.

"In the same vein, the concepts of 'employment' and 'weeks of work' are not necessarily synonymous. They must be considered in respect to specific statutory references.

"The reference to 'weeks of work' contained in ORS 657.150, is designed specifically to deal with the sort of problems represented by this case: how does one determine whether a person has fulfilled eligibility requirements during a particular time period? The legislature's answer has been straightforward: One applies the eligibility requirements of ORS 657.150 in terms of 'weeks of work.'

"In this context, it is noteworthy that the references to 'weeks of work in subject employment' and to 'weeks of work' in ORS 657.150(1) and (2), respectively, could be changed by removal of the words 'of work' in those provisions if the petitioner's interpretation is correct. Yet effect should be given to every word of a statute if possible. [Citing case.] The inclusion of the requirement reflected in the use of the words 'of work' should be given effect as a policy determination by the legislature. Further, the references to 'work' should be given their common and ordinary meaning and a strange or unusual meaning should not be presumed. [Citing case.] If the legislature intended to require only 18 weeks 'in subject

[ 854 ]

employment' in a base year it could have easily done so by not using the words, 'of work.'

"Should this Court find the wording of ORS 657.150 to be somewhat ambiguous, the legislative history of the pertinent provisions of that statute provides further guidance regarding the legislature's intention. Before the 1959 session of the legislature, the pertinent provisions of ORS 657.150 were as follows:

" '(1) After June 20, 1957, an individual shall be paid benefits during his benefit year in an amount which is to be determined by taking into account his *wages* in subject employment in his base year as provided in this section.

" '(2) To qualify for benefits an individual *must have been paid wages for employment in his base year equal to one and one-half time the total wages paid him in that calendar quarter of his base year in which his total wages were highest, or 37 times his weekly benefit amount* as determined under subsection (4) of this section, whichever is lesser. However, his total base year wages must be $700 or more . . . (Emphasis added)

" '. . . '

In 1959 the legislature removed the reference to 'wages' in section (1) and substituted 'weeks of work.' The legislature also amended section (2) to read as follows:

" '(2) To qualify for benefits an individual must have had at least 20 weeks of work in subject employment in his base year. However, to qualify for benefits, his total base year wages must be $700 or more. No week qualifies as a week of work unless an individual had earnings in subject employment of $20 or more during that week.' ch 567 Oregon Laws 1959 § 1.

"The legislature had since made additional changes in the language of section (2) of ORS 657.150, but the requirements of sections (1) and (2) that 'weeks of work' must be taken into account have remained.

"* * * * *

"In essence, the changes made by the 1959 legislature meant that an individual had to establish a minimal level of wages ($700) *as well as* a minimal level of weeks

[ 855 ]

of work in subject employment in order to qualify for benefits.

"Applying this reasoning to the present case, it becomes clear that the petitioner's mere receipt of wages during the summer of 1975 is not the same as the performance of 'weeks of work' during that summer."

Affirmed.