Argued and submitted September 13, affirmed December 1, 1982

HENS,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(Nos. 81-AB-1519, and 81-AB-1519A, CA A23976)

653 P2d 1301

Henry H. Drummonds, Eugene, argued the cause for petitioner. On the brief were Wendy L. Greenwald, and Kulongoski, Heid, Durham & Drummonds, Eugene.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and William F. Nessley, Jr., Assistant

Attorney General, Salem, waived appearance for respondent Employment Division.

P. E. Ross, Dean of Business Affairs, Bend, waived appearance for respondent Central Oregon Community College.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J., dissenting.

## THORNTON, J.

■ Claimant appeals from an order of the Employment Appeals Board denying him unemployment benefits. The Board concluded that claimant was disqualified from receiving benefits because he received a "guaranteed wage" under ORS 657.205(1)(a).[1] We affirm.

The facts are not disputed and are taken from the referee's findings:

"* * * (1) Claimant was emloyed by the above-named employer as an Assistant Professor of Music for the 1980-1981 academic year beginning September 15, 1980 and ending June 15, 1981. (2) Claimant's salary for this period was $19,119, as established by an instructor's contract by and between claimant and the employer and a collective bargaining agreement by and between the employer and claimant's bargaining unit. (3) Neither the instructor's contract nor the collective bargaining agreement specified the time of payment of claimant's salary. (4) The collective bargaining agreement did provide that all management rights not specified in the agreement are reserved to the employer. (5) The employer's policy in regard to payments of instructor's salary allowed employees to elect between two payment schedules. (6) One option provided for payment of 1/18 of the total salary on September 30, payment of 1/9 of the total salary at the end of each month from October through May, and the remaining 1/18 of the total salary was to be paid at the end of the academic year in June. (7) The other option provided for payment of 1/12 of the total salary at the end of each month from September through May, and the remaining 3/12 of the total salary to be paid at the end of the academic year in June. (8) Claimant chose to be paid in accordance with the second option set forth above and according [sic] was paid 1/12 of his total salary at the end of each month from September through May and the remaining 3/12 of his total salary on June 12, 1981, his last day of work. (9) Neither claimant nor other employees covered by the collective bargaining

---

[1] ORS 657.205(1)(a) provides:

"(1) Subject to the provisions of subsections (2), (3) and (4) of this section, an individual is disqualified for benefits for any week with respect to which the individual is receiving, will receive, or has received:

"(a) Remuneration as a dismissal or separation allowance, or as a guaranteed wage."

agreement were allowed to choose to be paid 1/12 of their total salary for the academic year during each month of the twelve-month period from September, 1980 through August, 1981. (10) The Employer paid premiums for medical and dental insurance coverage for claimant and other employees during the period October 1, 1980 through June 30, 1981. (11) The employer also continued such coverage during the period July 1 through September 30, 1981 for those employees who were given academic-year contracts for the 1981-1982 academic year commencing September 14, 1981 and continuing through June 14, 1982. (12) Claimant was not offered a new contract for the 1981-1982 academic year and, therefore, he was not given medical and dental insurance coverage for the months of July, August, and September, 1981."

Claimant filed for unemployment benefits on June 15, 1981. The claim was denied by the Employment Division on August 19, 1981. On September 8, 1981, claimant requested a hearing for the denial of benefits for the period of June 15, 1981 through August 31, 1981. At the time of the request, claimant was employed by another educational institution, the Bend Administrative School District #1. He had begun that job on August 24, 1981. The sole issue before the referee and the Board was whether claimant received a "guaranteed wage" and was therefore disqualified. The referee and the Board had relied on our decision in *Gollender v. Morgan,* 17 Or App 104, 520 P2d 453 (1974), but with opposite results: the referee awarded benefits, and the Board denied them.

■ The meaning of the term "guaranteed wage" as found in ORS 657.205(1)(a) and OAR 471-30-020(3)[2] is a question of law. *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979); *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979). In *Gollender v. Morgan, supra,* the claimant was a college professor employed to teach and do research for a nine-month period ending in

---

[2] OAR 471-30-020(3) provides:

"Weeks with respect to which guaranteed wage payments or dismissal or separation allowances have been apportioned or allocated in accordance with ORS 657.205(2) shall not be considered weeks of work in determining qualification for benefits under ORS 657.150(2). However, back pay awards assigned to specific time periods shall, upon reinstatement, constitute wages and weeks of work as though the individual had been employed during the specific periods."

the spring. The contract provided that, although he was to perform services in only the first nine months of the contract, he would be paid monthly for a 12-month period extending through the summer. The claimant was not given tenure and was told that his appointment would end in May. The claimant was covered by the college's health insurance plan even during the summer months following his dismissal. In finding that the claimant was disqualified from receiving benefits during the summer months following dismissal, we adopted the following definition of "guaranteed wage":

> " "* * * [T]he assurance by an employer that the covered worker will draw a fixed wage per year divided into a set number of pay periods * * *' " 17 Or App at 111. (Citing 11 Labor L J 125, 126 (1960)).

In *Hanna v. Employment Div.,* 25 Or App 727, 550 P2d 758, *rev den* (1976), the claimant was employed as a teacher on the basis of a nine-month teaching year. He was paid one-twelfth of his expected annual salary each month, even in the months in which he performed no services. He served at the pleasure of the superintendent of schools and could be terminated on 20 days' notice. We concluded that the claimant did not receive a "guaranteed wage" because, under the 20 days' termination provision, he had no "assurance by an employer" that he would draw a fixed wage for a definite period of time. In the present case, as a probationary faculty member, claimant could be dismissed during the term of his contract only for cause.

The Board reached the following conclusion on the basis of *Gollender v. Morgan, supra:*

> "* * * Here, the claimant was guaranteed a wage in that his annual salary was divided into a set number of pay periods. He would receive 1/12 of his annual salary monthly and the remaining 3/12 of his salary at the conclusion of this academic year. The fact that not all of the payments were equal or that the claimant would not return to work for this employer in the fall does not change the character of the wages received. * * *"

Claimant argues that *Gollender* is distinguishable, not only because of the nature of the monthly payments, but also because he was not covered by health insurance during the

summer months, unlike the claimant in *Gollender.* Although we noted the insurance coverage in *Gollender,* that coverage was not the basis for the decision. The provision at issue here refers only to *wages* and not to other aspects of the employment relationship. The unavailability of health insurance for claimant did not change the nature of his annual salary.

We agree with the Board that during the period at issue claimant received a guaranteed wage and is not entitled to unemployment benefits.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. I would hold that the facts found by the Board do not support the conclusion that claimant had received a guaranteed wage. Therefore, he was not disqualified. *See Gollender v. Morgan,* 17 Or App 104, 520 P2d 453 (1974).