BOCKOVER, APPELLEE, *v.* LUDLOW CORPORATION; BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT, ET AL.

[Cite as Bockover *v.* Ludlow Corp. (1986), 23 Ohio St. 3d 190.]

(No. 85-446—Decided April 30, 1986.)

*Jaffy, Livorno, Kaufmann & Arnett Co., L.P.A., Stewart R. Jaffy* and *Henry A. Arnett,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick A. Devine* and *George H. Calloway,* for appellant.

*Jordan Rossen, Richard W. McHugh, Lackey, Nusbaum, Reny & Torzewski* and *Gerald Lackey,* urging affirmance for *amicus curiae,* International Union, United Automobile, Aerospace and Agricultural Implement Workers of America.

*Per Curiam.* As is relevant to the within appeal, R.C. 4141.29 provides:

"Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in sections 4141.01 to 4141.46 of the Revised Code.

"(A) No individual is entitled to a waiting period or benefits for any week unless he:

"* * *

"(5) Is unable to obtain suitable work.

"* * *

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"* * *

"(b) He has refused without good cause to accept an offer of suitable work when made by an employer either in person or to his last known address, or has refused or failed to investigate a referral to suitable work when directed to do so by a local employment office of this state or another state; *provided,* that this division shall not cause a disqualification for a waiting week or benefits under the following circumstances:

"(i) When work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement, or pursuant to an established employer plan, program, or policy; * * *." (Emphasis added.)

Appellant contends that notwithstanding R.C. 4141.29(D)(2)(b)(i) above, the offer by Ludlow of suitable work, which was refused pursuant to the previously executed waiver, operated to preclude the receipt of benefits for the week in which the employment was offered and for any subsequent weeks that appellee was offered suitable employment. In support of this contention, appellant submits that subdivision (A)(5) survives the exception under subdivision (D)(2)(b)(i) as construed in *Craft* v. *Giles, supra.*

In *Craft,* upon facts virtually identical to those presented in the cause *sub judice,* the Court of Appeals for Mercer County first concluded that, pursuant to R.C. 4141.29(A)(5), an employee is not entitled to benefits unless he is unable to procure suitable work. The court then analyzed R.C. 4141.29(D) as follows: first, the court correctly observed that if an employee, without good cause, refuses to accept an offer for suitable work,

then pursuant to subdivision (D)(2)(b), that employee forfeits the right to receive benefits or to serve a waiting period *for the duration* of his unemployment; next, the court reasoned that the exception contained under subdivision (b)(i), providing that no disqualification results when an employee rejects an offer of employment by his employer, pursuant to the terms of a labor-management contract, simply means that no disqualification for the duration of the unemployment term will result if such offer is refused; but, the court concluded that an employer's offer of alternative employment will serve to disqualify the employee from receiving unemployment benefits for the week in which the offer is extended. According to the court in *Craft,* this interpretation is "consistent with the purpose of the [Unemployment Compensation] Act," and furthers the state's as well as an employee's interest in accepting employment opportunities.

The interpretation of R.C. 4141.29(D)(2)(b)(i) as espoused in *Craft* was rejected by the court of appeals in the present cause, as well as by the Court of Appeals for Pike County in *Conley* v. *Bd. of Review* (Feb. 21, 1980), Pike App. No. 306, unreported. We are likewise compelled to reject that line of reasoning.

In 1973, R.C. 4141.29(A) provided, as it does today, that in order for a claimant to be eligible for benefits he must be "unable to obtain suitable work." At that time, R.C. 4141.29(D) provided that notwithstanding subdivision (A), benefits were not payable for any week where the unemployment was the result of a labor dispute, worker misconduct, or the refusal to accept without good cause an offer for suitable employment. In January 1974, subsection (D)(2)(a) was amended as follows:

"[An employee will not receive benefits] [f]or the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work, provided * * * this section does not apply to the separation of a person under any of the following circumstances:

"* * *

"(ii) Separation from employment pursuant to a labor-management contract * * * or pursuant to an established employer plan * * * which permits the employee, because of lack of work, to accept a separation from employment."

In addition, R.C. 4141.29(D)(2)(b) was amended in 1974 to provide as follows:

"[An employee will not receive benefits] [f]or the duration of his unemployment if the administrator finds that:

"* * *

"(b) He has refused without good cause to accept an offer of suitable work when made by an employer * * * *provided, that this division shall*

*not cause a disqualification for \* \* \* benefits under the following circumstances*:

"(i) When work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement, or pursuant to an established employer plan, program or policy." (Emphasis added.) (135 Ohio Laws, Part I, 201, 242-243.)

The intent of the General Assembly as evidenced by the foregoing amendments is clear and unambiguous. That is, when an employee elects pursuant to a labor-management agreement not to accept an offer for alternative employment offered by the employer, the employee is not disqualified under subdivision (D)(2)(a) for having "quit his work without just cause," nor is he disqualified pursuant to subdivision (D)(2)(b) for having refused without good cause to accept an offer of suitable work. To accept appellant's contention that an employee who exercises his election under subdivision (D)(2)(b)(i) is somehow prevented by subdivision (A)(5) from receiving benefits would be to ignore the similarities between the two sections and effectively excise the later provisions from the statute. For as the court in *Conley* observed, the requirement under subdivision (A)(5) that a claimant be "unable to obtain suitable work" is essentially restated under subdivision (D)(2)(b) which provides that an employee may not receive benefits for the duration of his unemployment if "[h]e has refused without good cause to accept an offer of suitable work."

Furthermore, as was stated in *Conley,* "[i]n creating the exception to the basic requirement that the non-acceptance of work pursuant to a labor-management contract shall not operate as a refusal to accept suitable work, it would be, in our view, paradoxical that the General Assembly intended to nevertheless disqualify the claimant pursuant to subsection (A)(5). In sum, such an interpretation would render the exception [under R.C. 4141.29(D)(2)(b)(i)] meaningless and negate its effect." *Id.* at 4-5.

It is firmly established in Ohio "that words used in a statute are to be given their plain and ordinary meaning, unless the legislative intent indicates otherwise." *Ohio Assn. of Pub. School Emp.* v. *Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St. 3d 178, 181. Moreover, "[i]n determining legislative intent it is the duty of this court to give effect to the words used [in a statute], not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445]. See, also, *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 70. The judgment of the court below gives effect to the clear and unambiguous language contained within R.C. 4141.29(D)(2)(b)(i) and, unlike the judgment in *Craft,* does not attempt to delete language from this provision and insert in its place the provisions of subdivision (A)(5). Accordingly, the court of appeals properly concluded that the clear import of R.C. 4141.29(D)(2)(b)(i) constitutes an exception to the general requirement under subsection (A)(5) that benefits are not available unless the employee is unable to obtain suitable work.

For the foregoing reasons the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., concurring. The legislative history of the particular statute involved here would seem to clearly show the intent of the General Assembly. R.C. 4141.29, as amended, must reasonably be interpreted to mean that a waiver of bumping privilege, or other provision exempting the employee from accepting an offer of certain type of work, which provision is contained within a labor-management contract, creates an exception to the general rule which would, absent the contract, require a denial of unemployment benefits, in that the employee otherwise would be able "to obtain suitable work."