MT. HEALTHY BOARD OF EDUCATION, APPELLEE, *v.*
COOK ET AL., APPELLANTS.

[Cite as Mt. Healthy Bd. of Edn. *v.* Cook (1986), 28 Ohio St. 3d 1.]

(No. 85-1540—Decided November 26, 1986.)

*Philip S. Olinger,* for appellee.

*Kircher & Phalen, Thomas F. Phalen, Jr.* and *Cynthia L. Summers,* for appellant Cook.

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick A. Devine* and *John F. Kozlowski,* for appellant Administrator, Ohio Bureau of Employment Services.

*Cloppert, Portman, Sauter, Latanick & Foley* and *David G. Latanick;* and *Pamela L. Margulies,* urging reversal for *amicus curiae,* Ohio Education Association.

LOCHER, J. The issue before us is whether a teacher's receipt of paychecks after the termination of the school year, as a consequence of a deferred salary plan, precludes receipt of unemployment compensation benefits because the teacher could not be considered either totally unemployed or partially unemployed pursuant to R.C. 4141.01(M) or (N). For the reasons to follow we reverse the court of appeals and hold such payments are not indicative of employment pursuant to R.C. 4141.01(M) or (N).

The court of appeals correctly noted that R.C. 4141.29 requires a two-tiered analysis to ascertain a claimant's eligibility and qualification for unemployment compensation benefits. The preliminary concern is whether the claimant is either totally or partially unemployed. The definitions relevant to this determination, contained in R.C. 4141.01, are as follows:

"(M) An individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him.

"(N) An individual is 'partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to him for such week is less than his weekly benefit amount."

The court of appeals reasoned that the monies received, as a consequence of deferred payments for school-year services, after the end of the school year, constituted sufficient remuneration to disqualify appellant as being neither totally nor partially unemployed. We disagree.

It is an established tenet in Ohio jurisprudence that statutes must be accorded their ordinary meaning absent clear legislative intent to the contrary. *Bockover* v. *Ludlow Corp.* (1986), 23 Ohio St. 3d 190, 194; *State, ex rel. Brilliant Electric Sign Co.,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 51, 55 [11 O.O.3d 214]; *Baker* v. *Powhatan Mining Co.* (1946), 146 Ohio St. 600 [33 O.O. 84], paragraph three of the syllabus.

The operative language of the statutory provisions in issue stipulates two circumstances where a claimant may be eligible for benefits. The first is where no remuneration is received in "any week during which a claimant performs no services" (R.C. 4141.01[M]). The second is where, in any week, a claimant's total remuneration is less than his weekly benefit amount because of an involuntary loss of work (R.C. 4141.01[N]). Since appellant's deferred remuneration is for services performed during the school year, such remuneration is *not* for a week in which "no services" were performed. R.C. 4141.01(M) therefore does not preclude compensation for appellant. Similarly, appellant's deferred remuneration is *not* for any week where an involuntary loss of work had occurred. Thus, R.C. 4141.01(N), properly applied, does not deprive appellant of benefits.

Based upon our analysis we hold that acceptance of deferred remuneration does not preclude a claimant from being totally or partially unemployed as defined by R.C. 4141.01(M) or (N).

The court of appeals stated in its opinion: "In our consideration of the instant appeal, we do not reach the second tier of the R.C. 4141.29 analysis. Instead, we find that Cook was ineligible for unemployment benefits because he was neither totally nor partially unemployed as defined by R.C. 4141.01(M) and 4141.01(N)." The second tier, correctly recognized by the court of appeals but left unaddressed notwithstanding the express mandate of App. R. 12(A), see *Smith* v. *Jaggers* (1973), 33 Ohio St. 2d 1 [62 O.O.2d 168], is described in former R.C. 4141.29(I)(1)(a). R.C. 4141.29(I)(1)(a) predicated payment of unemployment benefits, in part, on whether the claimant had a "reasonable assurance of performing services in any such capacity for any such [educational] institution in the second of such academic years or terms."

We therefore reverse the judgment of the court of appeals and remand

this cause to that court for determination of whether claimant was provided reasonable assurance of employment in contemplation of this statute.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

C. BROWN and DOUGLAS, JJ., concur in part and dissent in part.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. I concur in the syllabus of the court as a clear and accurate statement of the law. Because I find claimant-appellant Cook is entitled to compensation as a matter of law, however, I cannot concur with the majority's disposition of this action.

A remand of this action to the court of appeals is a needless waste of valuable judicial resources and, in light of the foregoing, I believe that the last paragraph of the opinion of the court should read:

"Insofar as the court of appeals disposed of the instant action solely on an inaccurate application of R.C. 4141.01(M), defining 'totally unemployed,' and R.C. 4141.01(N), defining 'partially unemployed,' to the facts in this case, we reverse its judgment and hereby enter the final judgment which the court below should have entered awarding claimant-appellant unemployment benefits in the amount determined by the Ohio Bureau of Employment Services in this matter."

DOUGLAS, J., concurs in the foregoing opinion.