Submitted on record and petitioner's brief April 23, affirmed December 16, 1992

Albert S. BARNES,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(91-AB-1877; CA A72921)

843 P2d 987

Albert S. Barnes, Vancouver, Washington, filed the brief *pro se.*

No appearance for respondent Employment Division.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Petitioner seeks review of an order of the Employment Appeals Board requiring him to repay $126 in unemployment benefits. We review for substantial evidence and errors of law, ORS 657.282; ORS 183.482(7), (8), and affirm.

Petitioner worked for several days for Partridge Painting while receiving unemployment benefits. For the week ending August 25, 1990, he earned $403. He reported wages of $186 to the Employment Division (Division) and received $106 in benefits. During the week ending September 1, 1990, petitioner earned $170.50, reported wages of $150.50 and received $141 in benefits.[1] If he had accurately reported his earnings, he would not have received any benefits for the week ending August 25, 1990, and only $121 for the week ending September 1, 1990.[2] The Board found that petitioner had received benefits to which he was not entitled and ordered him to repay $126.

Petitioner's union contract guaranteed him two hours of pay if he showed up for work, even if he did not work due to bad weather. He showed up for work several times during the weeks at issue. He argues that, because he did not actually perform services on those days, he did not receive wages within the meaning of ORS 657.105(1):

> "As used in this chapter, unless the context requires otherwise, and subject to ORS 657.115 to 657.140, 'wages' means all remuneration for employment, including the cash

---

[1] Petitioner was not accused of fraud or misrepresentation. The errors apparently resulted because he had to report his wages to the Employment Division before he actually received his paycheck.

[2] ORS 657.100(1) provides:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual, or in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

ORS 657.150(6) provides:

"An eligible unemployed individual who has employment in any week shall be paid with respect to such week a benefit in an amount equal to the individual's weekly benefit amount less that part of the remuneration, if any, payable to the individual with respect to such week which is in excess of one-third of the individual's weekly benefit amount. If the resulting amount is not a multiple of $1, it shall be computed to the next lower multiple of $1."

value, as determined by the assistant director under the regulations of the assistant director, of all remuneration paid in any medium other than cash."

Petitioner argues that *Tracy v. Employment Division*, 29 Or App 851, 565 P2d 403 (1977), requires us to conclude that his "show up" pay did not constitute wages. In *Tracy*, a teacher applied for unemployment benefits for summer recess, when she was not actually working. She received her salary in twelve installments over the year. We held that "mere receipt of wages during the summer * * * is not the same as performance of 'weeks of work' during that summer." 29 Or App at 856. However, the issue was whether the teacher had worked the required number of weeks to qualify for unemployment benefits. *Tracy* did not decide the question presented here.

When petitioner showed up for work and was paid despite being sent home because of inclement weather, he received remuneration for employment. By presenting himself for work, he rendered a service to his employer. His union contract required that he be paid for that service.

Affirmed.