BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,
ON BEHALF OF THE UNIVERSITY OF NEBRASKA-LINCOLN, APPELLEE,
V. CHARLES M. PINZON, APPELLANT, AND DAN DOLAN,
COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE.
575 N.W. 2d 365

Filed March 6, 1998.   No. S-96-806.

Carole McMahon-Boies, of Pepperl & McMahon-Boies Law Offices, for appellant.

John C. Wiltse for appellee Board of Regents.

John F. Sheaff and John H. Albin for appellee Dolan.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This is an action for unemployment benefits brought by Charles M. Pinzon against the Board of Regents of the University of Nebraska (University) and the Commissioner of Labor. Based on the district court's denial of Pinzon's request for unemployment benefits, Pinzon appeals. We determine that Pinzon was "unemployed" pursuant to Neb. Rev. Stat. § 48-602(22) (Cum. Supp. 1994). We reverse, and remand.

Pinzon began working for the University in 1993 as a non-tenured assistant professor, teaching undergraduate courses in advertising and public relations. After Pinzon's first year of teaching, the University renewed his contract for the 1994-95 academic year. At the end of the 1994-95 year, the University elected not to renew Pinzon's contract for the next academic year. Because the University did not offer Pinzon a subsequent contract, Pinzon was no longer obligated to perform services for the University when the 1995 spring semester examinations were graded.

After the 1995 spring semester examinations were graded, Pinzon was unable to find employment. On July 21, 1995, Pinzon applied for unemployment benefits for the period of July 16 through September 2. During this time, the University was paying Pinzon $740.38 per week in wages. The final monthly payment on Pinzon's contract was paid on August 31. Even though Pinzon contracted with the University to draw his wages on a 12-month basis, Pinzon was obligated to perform services for the University on only a 9-month basis or, in other words, during the academic year. Therefore, Pinzon received remuneration over a 12-month period but was being paid for only 9 months of service.

A Department of Labor claims deputy initially denied Pinzon's application for unemployment benefits because Pinzon was still being paid by the University. Pinzon appealed to the Nebraska Appeal Tribunal, which determined he was entitled to unemployment benefits. The University appealed to the Lancaster County District Court, and the court determined that Pinzon was not entitled to unemployment compensation benefits for the period he was receiving pay from the University. Pinzon appealed to the Nebraska Court of Appeals, and we removed the case pursuant to our power to regulate the Court of Appeals' caseload. Neb. Rev. Stat. § 24-1106 (Reissue 1995).

In an appeal from the Nebraska Appeal Tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record; but on review by the Court of Appeals or the Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors

appearing on the record. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997). When reviewing an order for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* When reviewing a question of law, an appellate court reaches a conclusion independent of the district court's ruling. *Continental Western Ins. Co. v. Swartzendruber*, 253 Neb. 365, 570 N.W.2d 708 (1997).

Pinzon contends the district court erred when the court (1) determined wages are paid "with respect to" the months the wages are received instead of the months the wages are earned, (2) determined a teacher with a 9-month contract who receives pay for that 9-month period subsequent to the termination of his position is disqualified from the receipt of unemployment compensation benefits, (3) failed to give deference to the Nebraska Appeal Tribunal's interpretation of the tribunal's own rules and regulations, and (4) failed to uphold the decision of the Nebraska Appeal Tribunal. Because Pinzon's first assignment of error is dispositive, we will not address the remaining arguments. See *Tyler v. Tyler*, 253 Neb. 209, 570 N.W.2d 317 (1997).

Pinzon initially contends the district court erred in determining he was not entitled to unemployment compensation pursuant to § 48-602(22), which provides: "Unemployed shall mean an individual during any week in which the individual performs no service and with respect to which no wages are payable . . . ." The district court found that Pinzon was unable to satisfy § 48-602(22) because he was still receiving compensation from the University. However, Pinzon urges this court to construe the phrase "with respect to" as meaning that wages are paid with respect to the months that remuneration is earned, not the months that remuneration is received.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Bank of Papillion v. Nguyen*, 252 Neb. 926, 567 N.W.2d 166 (1997). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary

meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). Reading a meaning into a statute that is not there or reading anything direct and plain out of a statute is beyond the court's province. See *id.* ·

We find that § 48-602(22) is unambiguous. Affording § 48-602(22) a plain, ordinary meaning, we find that two elements must be satisfied to demonstrate unemployment. First, the individual must not perform any services for the weeks in question; and second, no wages may be payable with respect to the time period the individual performed no services. Several jurisdictions support this finding. See, *Meyer v. Employment Appeal Bd.*, 441 N.W.2d 766 (Iowa 1989); *Tracy v. Employment Division*, 29 Or. App. 851, 565 P.2d 403 (1977); *Hawaii State Teachers Ass'n v. Department of Labor & Indus. Rel.*, 56 Haw. 590, 546 P.2d 1 (1976); *Ackerson v. Western Union Telegraph Co.*, 234 Minn. 271, 48 N.W.2d 338 (1951). However, to address Pinzon's argument, we must determine when wages are payable.

In addressing this issue, the district court determined, albeit implicitly, that wages are payable when remuneration is received. Pinzon, on the other hand, contends the language "with respect to" does not refer to the time period the wages are received, but, rather, to the time period the wages are earned. Pinzon claims that he was unemployed because he rendered no services and that the wages he received from July 16 through September 2 were paid "with respect to" work he performed during the 9 months he actually worked for the University, not the summer months in question. We agree.

We find guidance and support for our position from many other jurisdictions. In *Meyer v. Employment Appeal Bd.*, 441 N.W.2d at 768, the Iowa Supreme Court stated, " 'The test is not in what week the remuneration is received but in what week it is earned or to which it may reasonably be considered to apply.' " (Quoting *South Hadley v. Director of the Division of Employment Security*, 389 Mass. 399, 450 N.E.2d 596 (1983).) Similarly, in *State, Dept. of Indus. Relations v. Deslattes*, 372 So. 2d 867, 870 (Ala. Civ. App. 1979), the Alabama Court of Appeals stated that absent a provision to the contrary, " 'it may

not be presumed that the contracting parties meant to pay wages for no services, and allocate such payments to a period *after* termination. Generally speaking, wages are tied to the week of work and not to the week in which they are paid. . . .' " (Quoting *Southwestern Bell Telephone Co. v. Employment Security Board of Review*, 189 Kan. 600, 371 P.2d 134 (1962).) See, also, *Mt. Healthy Bd. of Edn. v. Cook*, 28 Ohio St. 3d 1, 3, 501 N.E.2d 615, 616 (1986) ("[s]ince . . . deferred remuneration is for services performed during the school year, such remuneration is *not* for a week in which 'no services' were performed").

The Nebraska Appeal Tribunal also agreed with the above determinations. In their decision filed September 11, 1995, the appeal tribunal noted the Department of Labor's definitions regarding wage payments wherein the agency defined "when earned" as " '[w]hen the amount of earnings can be determined at the time the service is actually performed and are based upon an established payment schedule of wages for hours of work, this income is reportable when earned.' " The appeal tribunal determined that because Pinzon's earnings could be determined at the time the services were rendered, the earnings must be applied to the time period the remuneration was earned.

In addition, our reading of § 48-602(22) is further supported by Neb. Rev. Stat. § 48-628 (Cum. Supp. 1994). Section 48-628(h)(1) prohibits teachers from receiving unemployment compensation benefits during the summer months when a "reasonable assurance" exists that they will be teaching in the following academic year. Conversely, if no "reasonable assurance" exists, an inference can be drawn that unemployment benefits may be obtained during the summer months. As noted in *South Hadley v. Director of the Division of Employment Security*, 389 Mass. at 402-03, 450 N.E.2d at 598:

> If the Legislature has concluded that one who has a reasonable assurance of working in the next school year is not entitled to unemployment compensation during the summer, the inference may fairly be drawn that the Legislature intended that a person who has no such assurance is entitled to unemployment compensation during the summer weeks following the end of school sessions for the year. If the Legislature had intended that a teacher with no rea-

sonable assurance of employment in the next school year should be ineligible for unemployment compensation until the commencement of the next school year, it could have said so.

In the instant case, there is no dispute that the weeks for which Pinzon claims unemployment compensation are weeks in which he "performed no services." The record also discloses that even though Pinzon was paid on a 12-month basis, he provided services for only a 9-month teaching period. Pinzon's wages were payable when he earned them during the 9-month academic year he was actually working for the University, not when the wages were received. Therefore, because Pinzon's wages were "payable" when he earned them, not when he received them, we reverse the decision of the district court and remand the cause with the instruction to award Pinzon unemployment compensation benefits for the period he was unemployed.

REVERSED AND REMANDED.

WHITE, C.J., participating on briefs.

WRIGHT, J., not participating in the decision.