REQUESTED BY: Scott Moore, Nebraska Secretary of State, Chairman, State Records Board
Neb. Rev. Stat. § 84-1205.01 (Cum. Supp. 1998) allows the State Records Board (the "Board") to establish reasonable fees for electronic access to public records through a gateway, which is defined in Neb. Rev. Stat. § 84-1201 (Cum. Supp. 1998) as a centralized electronic information system by which records are provided through a dial-in modem or continuous link. Neb. Rev. Stat. § 84-1205.03 (Cum. Supp. 1998) also provides that state agencies desiring to provide electronic access to public records through a gateway for a fee must seek approval of that fee from the Board. The Nebraska Department of Motor Vehicles ("DMV") currently has a contract with a private corporation to provide that corporation access to certain Nebraska driver records in an electronic format for a fee, and in accordance with the appropriate statutes, DMV has submitted a proposed amendment to the contract changing the rate charged for those records to the Board for its approval. In your capacity as Chairman of the State Records Board, you have requested our opinion regarding two questions relating to fees for electronic access to public information. Our response to your questions is set out below.
Your questions to us involve charges for copies of certain motor vehicle records, and two portions of a particular Nebraska Statute. First of all, Neb. Rev. Stat. § 60-483 (1)(1998) provides, as is pertinent:
 The director [of the Nebraska Department of Motor Vehicles] shall assign a distinguishing number to each [motor vehicle] operator's license issued and shall keep a record of the same which shall be open to public inspection by any person requesting inspection of such record who qualifies under section 60-2906 or 60-2907. . . . The department shall, upon request of any requester, furnish a certified abstract of the operating record of any person and shall charge the requester a fee of three dollars per abstract.
Neb. Rev. Stat. § 60-483 (4)(1998) then provides:
 The director [of the Department of Motor Vehicles] may enter into an agreement with any person to provide the person information regarding adjudicated traffic citations or administrative actions from the records produced for or developed by the department for purposes related to maintenance of the driver record information data base. The agreement may determine the periodic basis, cost, and media on which the information will be provided.
Your first question regarding those two portions of § 60-483 is as follows:
 Is the fee to be charged for the records specified and provided pursuant to the attached agreement [from DMV] governed by the "certified abstract of the operating record" language found in the first paragraph of Neb. Rev. Stat. § 60-483 which establishes a fee of three dollars per record, or are they adjudicated traffic citiation (sic) records governed by the last paragraph of Neb. Rev. Stat. § 60-483, which gives the director the authority to set the rate as proposed by the attached agreement?
Section 60-483 (1) establishes a fee of three dollars for a "certified abstract" of the operating record of any person. In Nebraska, in the absence of anything to contrary, statutory language is to be given its plain and ordinary meaning. Board ofRegents of University of Nebraska-Lincoln v. Pinzon,254 Neb. 145, 575 N.W.2d 365 (1998); Popple by Popple v. Rose,254 Neb. 1, 573 N.W.2d 365 (1998). In that regard, to "certify" means "to declare (a thing) true, accurate, certain, etc. by formal statement, often in writing; verify; attest." WEBSTER'S NEW WORLD DICTIONARY 233 (2nd college ed. 1982). Similarly, a "certified copy" of a document or record is a copy of that document or record "signed and certified as a true copy by the officer to whose custody the original is intrusted." BLACK'S LAW DICTIONARY 207 (5TH ed. 1979). Consequently, we believe that the certified abstract referred to in § 60-483 (1) is a copy of that abstract which has been formally certified as true and correct in writing by the appropriate official at DMV. Generally, such a certified abstract will involve a hard copy of that abstract with a written certification attached. Among other things, such a certified document can be used in court and for other purposes where establishing the authenticity and accuracy of the document is important.
On the other hand, subsection (4) of § 60-483 was added to that statute as a result of LB 590 which was passed by the Legislature in 1997. 1997 Neb. Laws LB 590. That bill dealt, in great part, with various aspects of electronic access to public records, and was intended to deal with the perceived "need for a uniform policy regarding the management, operation, and oversight of systems providing electronic access to public records." 1997 Neb. Laws LB 590, § 3. As we pointed out in our Op. Att'y Gen. # 99004 (February 16, 1999), § 60-483 (4) was added to the statutes for the narrow purpose of providing the Director of DMV with specific statutory authority to enter into contractual arrangements to provide access to certain motor vehicle records. And, as we noted in that same opinion, contractual arrangements for electronic access to motor vehicle records are still subject to the provisions of § 84-1205.03 which require approval of fees for access by the Board.
We have reviewed the contractual materials involving DMV and the private corporation which are the subject of your initial question to us. Those materials deal generally with the corporation's electronic access to certain driving records either by computer tape or on the Internet, and do not involve access by the corporation to hard copy abstracts of driver records. More importantly, we can find nothing in those materials which indicates that DMV will furnish the corporation with any form of official certification for the driver records involved. Therefore, since the contractual materials involve electronic access to driver records without any form of official certification, we believe that the fees for those records are governed by § 60-483 (4) rather than by § 60-483 (1), and the director of DMV has the authority to set the rates for access to the records, subject to approval by the Board.
Your second question to us is as follows:
 If the rate to be charged [for the records at issue] is governed by the first paragraph of Neb. Rev. Stat. § 60-483, does the Board have the legal authority to approve the pending amendment to the existing contract brought before the Board for action by the Department of Motor Vehicles (which does not charge $3.00 per record)?
Since we have determined, as discussed above, that the rate to be charged for the records at issue is not governed by § 60-483 (1), there is no need for us to reach your second question.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg 
Attorney General