REQUESTED BY: Lori McClurg, Director Department of Administrative Services.
In your opinion request letter, you state that "[t]he Department of Administrative Services administers the laws and bargaining agreements of the State through its divisions of State Personnel and Employee Relations, including the payout of vacation and sick leave benefits when an employee retires." You then ask for our "opinion on the interpretation" of Neb. Rev. Stat. § 81-1325 (1994),[1] which provides, as is pertinent to your inquiry:
[1] The actual statute which you cite in your opinion request letter is Neb. Rev. Stat. § 48-609. However, we understand from conversations with individuals at the Governor's Policy Research Office that the cite to § 48-609 is in error, and that the real statute at issue is § 81-1325.
 Each [state] employee who meets the minimum age and service requirements for retirement under any existing state or federal retirement system shall, upon termination of employment with the state by reason of retirement or voluntary resignation in lieu of retirement, be entitled to a one-time payment of one-fourth of his or her accumulated unused sick leave, with the rate of payment based upon his or her regular pay at the time of termination or retirement.
The questions which you have posed to us regarding § 81-1325
involve the following fact scenario, which you set out in your opinion request letter:
 An employee of the Nebraska State Patrol retired at age 50, was subsequently appointed to the Board of Parole, and is now retiring a second time at age 55 after five years and five months of service with the Board. When he first retired, in addition to payment of one-quarter of the sick leave as provided in . . . [§ 81-1325], the employee received a lump sum payout of unused vacation leave as provided in Neb. Rev. Stat. § 81-1328.
With that factual situation in mind, you have posed three questions to us. We will deal with each of your questions below, and since you have specifically referenced § 81-1325 as the primary statute at issue, we will assume that your questions are directed only to the provisions of the Nebraska statutes dealing with sick leave for state employees, Neb. Rev. Stat. §§ 81-1320
through 81-1326 (1994, Cum. Supp. 1998).
 Question No. 1. "Can a person `retire' from an appointed board position for purposes of entitlement to the payout of unused leave benefits?"
As noted above, the Nebraska statutes dealing with the sick leave benefits afforded to state employees are found at §§81-1320 through 81-1326. With respect to that group of statutes, § 81-1321 (Cum. Supp. 1998) provides:
 As used in sections 81-1320 to 81-1326, state employee shall mean any person or officer employed by the state including the head of any department or agency, except when such head is a board or commission, and who works a full-time or part-time schedule on an ongoing basis.
(emphasis added).
In Nebraska, in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning.Board of Regents of University of Nebraska-Lincoln v. Pinzon, 254 Neb. 145, 575 N.W.2d 365 (1998); Popple by Popple v.Rose, 254 Neb. 1, 573 N.W.2d 365 (1998). With that rule in mind, it seems to us that the plain language of § 81-1321 emphasized above clearly excludes members of boards and commissions in Nebraska from the definition of state employee used in connection with the statutory provisions dealing with sick leave. As a result, members of boards and commissions are not subject to the provisions of §§ 81-1320 through 81-1326. For that reason, we do not believe that a member of a state board or commission is entitled to "retire" from state employment and receive a payout of unused sick leave benefits under § 81-1325.
 Question No. 2. "Can a State employee retire more than once from State employment for purposes of payout of leave benefits?"
Neb. Rev. Stat. § 81-1324 (Cum. Supp. 1998) provides that "[a]ll sick leave shall expire on the date of separation and no employee shall be reimbursed for sick leave outstanding at the time of terminations except as provided in sections 81-1320 to81-1326." The only portion of those latter statutes which deals with the reimbursement of outstanding sick leave at the date of separation is § 81-1325, which provides for a "one-time payment" of unused sick leave upon retirement. Consequently, the answer to your second question pertaining to an employee's right to retire more than once for purposes of payout of sick leave benefits turns upon the answer to your third question which pertains to the meaning of the phrase "one-time payment" as it is used in §81-1325.
 Question No. 3. "If a person can retire more than once, does the term `one-time payment' as used in . . . [§ 81-1325] mean a lump sum rather than some other form of payout, or does the term mean a one-time only payment which would preclude payouts if a person is rehired and subsequently `retires' from State employment?"
The phrase "one-time payment" is not defined in § 81-1325, nor is it used or defined in any of the other portions of §§81-1320 to 81-1326. Moreover, as is illustrated by your Question No. 3, it is unclear on the face of § 81-1325 whether "one-time payment" means payment by a lump sum procedure, or a one-time only payment of sick leave benefits which would preclude further payments at subsequent "retirements." When statutory language is ambiguous and must be construed, recourse should be had to its legislative history for the purpose of discovering the Legislature's intent. Coleman v. Chadron State College,237 Neb. 491, 466 N.W.2d 526 (1991). In Nebraska, one of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent, and to give effect to that intent. Pump Pantry, Inc. v. City of Grand Island, 233 Neb. 191,444 N.W.2d 312 (1989). To ascertain the intent of the Legislature, courts may examine the legislative history of the legislative act in question. Id. Therefore, we have reviewed the legislative history of § 81-1325 to determine if it offers guidance as to the meaning of the phrase "one-time payment."
The "one-time payment" language in § 81-1325 was added to that statute as a result of LB 1003 which was passed by the Legislature in 1974. 1974 Neb. Laws LB 1003, § 3. When the Legislature's Retirement Committee held a hearing on LB 1003 in 1974, William C. Peters, who was then the Director of the State Department of Personnel, testified as follows as to the purpose of the bill:
 When LB 340, covering sick leave was enacted the last session, it was inadvertently left out of the bill the method of returning or recognizing an employee's accrued sick leave that he had when he departed the employ of the State of Nebraska and returned within one year. We believe that this was a beneficial thing to the employee and to the state (sic) of Nebraska because it does provide an incentive for employees to come back to the State of Nebraska after they have seen what the big city is like and come back and decide this is a good place to work. That is one thing.
 The other thing is with regard to the one time payment. If we don't include a one-time payment proviso we can have employees retire at the age of 65 and come back and collect 25% of their accrued sick leave in cash and then return to work and collect it again and again and again, as many times as they come back to work for the State of Nebraska. We thought that it should be spelled out that this is a one-time shot, they get 25%.
Committee Records on LB 1003, 83rd Neb. Leg., 2nd Sess. 7 (February 25, 1974) (emphasis added). It appears to us, based upon the testimony of the State Personnel Director in 1974, that the clear purpose of the "one-time payment" language in § 81-1325
is to prevent state employees from collecting 25% of their accrued sick leave benefits under that statute on multiple occasions. In other words, when a state employee retires and collects one-fourth of his or her accrued sick leave under §81-1325, he or she is precluded from doing so again in the event of any subsequent "retirements" from state service. Therefore, while a state employee might "retire" several times from various positions in state employment, he or she can only claim the 25% payment of accrued sick leave allowed under § 81-1325 once.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved:
DON STENBERG 
Attorney Gneral
05-122-10.15